Billy Clay CLARK, Petitioner-Appellant,

v.

Frank BLACKBURN, Warden, Louisiana State Penitentiary, Respondent-Appellee.

No. 78–3018.

United States Court of Appeals, Fifth Circuit.

June 18, 1980.

**432**

J. Donice Alverson, New Orleans, La. (Court-appointed), for petitioner-appellant.

Abbott J. Reeves, Asst. Dist. Atty., Gretna, La., Duncan Kemp, III, Dist. Atty., 21st Judicial Dist., Hammond, La., for respondent-appellee.

Before VANCE and SAM D. JOHNSON, Circuit Judges, and THOMAS *, District Judge.

PER CURIAM:

This is an appeal from the order of the district court, denying Billy Clay Clark's

petition for a writ of habeas corpus filed in July 1977 pursuant to 28 U.S.C.A. § 2254. The district court entered its order on July 27, 1978 after adopting the magistrate's report and recommendation to deny relief on petitioner's allegations of ineffective assistance of trial counsel.[1]

The district court's decision was made upon a review of the record and without the benefit of an evidentiary hearing. The record included the habeas corpus petition and the magistrate's report. The magistrate's report was likewise made without an evidentiary hearing. Clark has timely appealed to this Court from the district court's order.[2] Prior to this appeal, Clark proceeded pro se on his federal habeas corpus petition.

This Court will make no attempt to rule on the merits of Clark's allegations of ineffective assistance of trial counsel. This Court will, however, vacate the district court's order and remand for an evidentiary hearing because we cannot conclusively determine the accuracy of petitioner's allegations of failure of his trial counsel to confer with him or to prepare and investigate adequately possible defenses prior to trial. *Gaines v. Hopper*, 575 F.2d 1147, 1149 (5th Cir. 1978); *Venable v. Neil*, 463 F.2d 1167, 1168 (5th Cir. 1972); *see also note*, 93 Harv. L.Rev. 752 (1980).

The record establishes that petitioner Clark has exhausted his state remedies on the issues of his counsel's failure to confer with him and his counsel's failure to prepare adequately prior to trial. Both of Clark's pro se state habeas corpus petitions were denied.[3] In both of these instances,

---

\* District Judge of the Southern District of Alabama, sitting by designation.

1. The state trial judge appointed two attorneys to represent petitioner on the charge of second degree murder. One week before jury trial both attorneys moved to strike their names as counsel. The state court excused only one of the two attorneys. Petitioner's allegations of ineffectiveness concern only the representation provided by the other appointed attorney whose motion was denied by the state court.

That attorney represented petitioner prior to and during his state jury trial.

2. The District Court issued a certificate of probable cause for this appeal pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure.

3. Prior to denial of state collateral relief, the Supreme Court of Louisiana affirmed Clark's conviction and sentence on an out-of-time appeal. *State of Louisiana v. Clark*, 332 So.2d

the denial was without benefit of an evidentiary hearing.

The history of this case bears recitation. A Louisiana grand jury indicted Clark for second degree murder. At trial, which was to a jury, the defendant Clark took the stand and testified that he shot the victim in a bar during a dispute that arose during a card game. According to Clark, the dispute arose not with the victim, Maurice Fletcher, but with another participant in the card game. Clark told the jury that before the first dispute was resolved Maurice Fletcher intervened. Clark had never met Fletcher before that evening. Clark related to the jury that Fletcher, "reached and grabbed me and pulled me off the floor, right up in his face, and told me he was going to kill me." Clark continued, "I finally pulled away from him and he shoved me and I went back and I seen him go for his pocket and I knew that the man was going to kill me. I don't even remember getting my gun out of my pocket."

The witnesses at trial who were present during the card game also testified that the victim grabbed Clark first. One state witness testified that when Fletcher picked Clark up off the floor, he brought him close to him and said something, but that he did not hear what Fletcher said to Clark. Another witness corroborated Clark's statement that Fletcher told Clark that he was going to kill him. This corroboration testimony was by a surprise witness subpoenaed by the trial attorney for the defendant.

At the close of all testimony, the state trial judge charged the jury on the relevant law, including the possibility of imposing a verdict on manslaughter. Under Louisiana law applicable at the time of Clark's jury trial, proof that the defendant's actions were the result of either sudden passion or heat of blood, under provocation sufficient to deprive an average person of his self control, would support only a conviction for manslaughter. In contrast, second degree murder required proof of a specific intent to kill or inflict great bodily harm. La.Rev. Stat. 14:30.1 to .31.

The jury returned its verdict of guilty on the charge of murder in the second degree. On January 16, 1975, the trial judge sentenced Clark to imprisonment for life, without benefit of probation or parole for twenty years. A jury conviction on manslaughter would have limited Clark's punishment to a term less than life and could not have resulted in such a serious loss of the possibility of probation or parole.

■ Petitioner Clark is entitled by the due process clause of the fourteenth amendment to trial free from "fundamental unfairness," including any unfairness that would stem from blatantly incompetent counsel. *Fitzgerald v. Estelle*, 505 F.2d 1334, 1336 (5th Cir. 1974), *cert. denied*, 422 U.S. 1011, 95 S.Ct. 2663, 45 L.Ed.2d 675 (1975). Clark is also entitled by the right to counsel provision of the sixth amendment to reasonably effective assistance of counsel. *Friedman v. United States*, 588 F.2d 1010, 1015–16 (5th Cir. 1979); *United States v. Gray*, 565 F.2d 881 (5th Cir.), *cert. denied*, 435 U.S. 955, 98 S.Ct. 1587, 55 L.Ed.2d 807 (1978). The sixth amendment right to reasonably effective counsel does not mean "errorless counsel" or counsel judged ineffective by hindsight.

■ A full and fair hearing on the state habeas corpus petition can often resolve serious allegations of ineffectiveness of counsel. *E. g., Akridge v. Hopper*, 545 F.2d 457, 458 (5th Cir. 1977). Records of state habeas corpus hearings may negate allegations that counsel failed to make an informed evaluation of possible defenses or

236 (La.1976). On that appeal, Clark was represented by a third state appointed attorney since he had asserted that his trial counsel had not complied with his request to file a timely appeal. The Louisiana Supreme Court affirmed Clark's conviction after noting that trial counsel had not properly preserved the alleged errors for review since he had failed to make timely objections or request other corrective measures such as a judicial declaration of mistrial or admonition of the jury.

failed to conduct meaningful discussions of the case with his client. *Dixon v. Balkcom*, 614 F.2d 1067 (5th Cir. 1980). The district court should hold a full hearing on any issues not resolved because of an insufficient record. Ultimately, the final determination of whether or not counsel rendered reasonably effective assistance of counsel requires an inquiry into counsel's actual performance. That review must be based upon an adequate record, and

> [a] review of Fifth Circuit law indicates that this Court's methodology involves an inquiry into the actual performance of counsel in conducting the defense and a determination whether reasonably effective assistance was rendered based on the totality of the circumstances and the entire record. This Circuit does not blindly accept speculative and inconcrete claims of "what might have been if." If an appellant can point to specific examples of ineffectiveness, we have not hesitated to grant a new trial or hearing.

*United States v. Gray, supra*, 565 F.2d at 887.

In this case there has never been an evidentiary hearing before any court at any time. That deficiency requires this Court to search a wholly inadequate record. Such search reveals that the only indication of trial counsel's pretrial preparation and consultation with his client was in his calling one surprise witness during trial who corroborated Clark's defense of self-defense. That witness was the only witness not already subpoenaed by the state, and he was subpoenaed on December 6, 1974 by trial counsel. Trial was set for December 9, 1974, and the subpoena was requested after the state trial judge denied trial counsel's motion to strike his name as petitioner's attorney.

 In disposing of petitioner's allegations of ineffective pretrial investigation and inadequate consultation, the magistrate focused primarily upon that portion of the record indicating trial counsel's production of favorable testimony from the one surprise witness. This one aspect of trial counsel's representation is not dispositive of the serious allegations concerning pretrial preparation raised in the petition in this case. *See Gaines v. Hopper, supra*, 575 F.2d at 1148–49; *Friedman v. United States, supra*, 588 F.2d at 1016–17; *Bell v. Georgia*, 554 F.2d 1360, 1361 (5th Cir. 1977). Other portions of the limited record support negative inferences. They indicate that Clark's trial counsel filed no discovery motions; filed no pretrial motions on defensive issues; subpoenaed only one witness for trial and the subpoena for that witness was belated; and failed to obtain a transcript of the testimony before the grand jury. This Court is not, therefore, faced with no more than an unsupported claim that counsel spent only a short time with his client in preparation for trial. *Howard v. Beto*, 466 F.2d 1356 (5th Cir. 1972). Nor does this case involve no more than conclusory assertions which might well justify dismissing a petition prior to an evidentiary hearing. *Friedman v. United States, supra*, 588 F.2d at 1017.

Based, therefore, on the inadequate record before this Court, it cannot be concluded that Clark's claims of ineffective pretrial investigation and inadequate consultation are without substance. The order denying habeas corpus relief is vacated and this cause is remanded to the district court for an evidentiary hearing on the issues of inadequate pretrial consultation and preparation.

VACATED AND REMANDED.