Charles R. DODD, Jr., Petitioner,

v.

Douglas WILLIAMS, Superintendent, Walker County Correctional Institute, Respondent.

Civ. A. No. C82–181R.

United States District Court, N.D. Georgia, Rome Division.

March 11, 1983.

Richard D. Allen, Jr., Atlanta, Ga., for petitioner.

Virginia H. Jeffries, Asst. Atty. Gen., Atlanta, Ga., for respondent.

## ORDER

HAROLD L. MURPHY, District Judge.

Petitioner is a state prisoner currently serving a ten-year sentence imposed pursuant to a plea agreement by the Superior Court of Whitfield County, Georgia. The Superior Court, later sitting as a habeas corpus court, granted petitioner partial relief on a state habeas petition, but concluded, after a hearing, that petitioner's guilty plea was knowing and voluntary, and that petitioner received effective assistance of counsel. Following exhaustion of available state remedies, petitioner, through counsel, instituted this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The case was referred to a United States Magistrate, who, based on the record of petitioner's state court habeas proceeding, refused petitioner a further evidentiary hearing and found that petitioner's plea was knowing and voluntary and aided by the effective assistance of counsel. Petitioner objects to the recommendation of the Magistrate, whose report now is before the Court for consideration.

## I

The facts generally are not in dispute. On January 15, 1975, a Whitfield County grand jury indicted petitioner for motor vehicle theft, Whitfield County Superior Court No. 9537. Pending at the same time was an indictment for forgery, Whitfield County Superior Court No. 9522. On January 29, 1975, Dodd, represented by attorney

Bill Glisson, pleaded guilty to the offense of theft by receiving stolen property. Apparently, all involved believed the charge pleaded to was a lesser included offense of theft by taking.[1] Petitioner was sentenced to the custody of the Youthful Offender Division of the State Board of Corrections for a term not to exceed six years. The documentary record is silent on the disposition of the forgery charge, although at the state habeas hearing it was stated that the sentence on the forgery charge was entered in No. 9537 charging Dodd with motor vehicle theft. (Hearing transcript at 10) (hereinafter referred to as T. 10).

Subsequently, in the January, 1980, term of the Whitfield County grand jury, Dodd was charged in two more indictments. Number 13335 charged Dodd with child molestation (Count I) and with being a habitual felon (Count II), on account of the guilty pleas to Nos. 9522 and 9537 in 1975. The child molestation accusation exposed Dodd to up to 20 years in the penitentiary. Number 13602 charged Dodd with driving under the influence (Count I) and driving without a license (Count II).

On December 2, 1980, John Neal was appointed to represent Dodd on the pending charges. On December 5, 1980, petitioner entered a plea of guilty to the child molestation charge (Count I, No. 13335) and the DUI charge (Count I, No. 13602). The state entered a *nolle prosequi* to the habitual felon charge and dismissed the license offense. The Superior Court sentenced petitioner to 10 years for child molestation, with a 12 month concurrent sentence for the DUI charge.

Thereafter, Neal realized that he erred when he advised petitioner of the effect of the habitual felon count and that a conviction under that statute would result in the maximum 20-year sentence without eligibility for parole, subject to good time credit of one day for every three days served. Al-

---

1. The notation on the indictment pleaded to reads,

    This charge is hereby changed and reduced to that of theft by receiving stolen property

as defined in Ga.Code Annotated, a felony ... (signed) Steven K. Fain—Asst. D.A.

though he drafted a state habeas petition, the Superior Court relieved him from his representation and appointed new counsel for petitioner.

Attorney Gene Gouge then filed for a writ of habeas corpus on behalf of petitioner in Whitfield Superior Court, claiming that the misinformation rendered petitioner's guilty plea uninformed and involuntary and that he did not receive effective assistance of counsel (Count I); and that the plea of guilty to theft by receiving stolen property was void because it is not a lesser included offense of theft by taking (Count II).

A hearing was held March 5, 1981, at which petitioner was represented by Gouge. Glisson testified that there was no new indictment prior to the plea of guilty to theft by receiving; the charge was "reduced" by notation on the indictment. *See* n. 1, *supra*.

Neal stated that he was appointed to represent Dodd in Nos. 13335 and 13602 on December 2, 1980. He stopped by the District Attorney's office on that date to receive a copy of the charges and to review the state's evidence. (T. 6) He then met with Dodd and talked with him about the charges, specifically the molestation charge, which Neal considered the most serious charge (T. 7). They also conversed about Dodd's prior record and a little about the DUI and license offenses. (*id.*). Neal claimed there were no discussions at that point about possible sentences, but that Dodd said, "See what you can do," or "Let's see what can be had." (T. 8).

On December 3, Neal spoke with the D.A. about possible sentences.

In addition, Neal testified that Dodd was unsure of his prior record, since the motor vehicle theft charge, but not the forgery charge, was on his prison "rap" sheet. Accordingly, Neal went to the Clerk's office, searched the docket (he did not have prior benefit of case numbers), and pulled Dodd's files. (T. 10).

Neal also testified that as result of his conversation with petitioner on December 2, he did not interview witnesses or attempt to locate any, either for the defense or prosecution. (T. 8). Over objection from petitioner's counsel, Neal testified that although Dodd never used the words "I'm guilty" specifically,

> I interviewed him and based on the facts he related to me, I told him that, if those facts were proven at trial, he could receive a legal conviction of guilty.

(T. 18).

On December 4, 1980, Neal again met with Dodd. The bulk of the conversation concerned the possibility of a plea. Neal did not advise Dodd as to the course he should take, but did discuss with him the consequences of a guilty plea. (T. 9). He advised him of the various possible sentences depending upon whether there was a trial, conviction or guilty plea. Moreover, he informed Dodd that if found to be a habitual felon, he would be sentenced to the maximum of 20 years with no parole eligibility, subject to one day good time credit for every three days served, i.e., that he would serve 15 years. (T. 12).[2]

On December 4 or 5, the D.A. agreed to recommend 10 years to serve in exchange for a *nolle prosequi* of the habitual felon count. (T. 14). Neal further testified that the D.A.'s evidence and Dodd's version of the incident forming the basis of the molestation charge were similar, and that Neal did not interview any witnesses nor attempt to locate the victim, after Dodd said he would take the D.A.'s proposed recommendation. (T. 20).

On December 5, 1980, Dodd pleaded guilty and was sentenced. The Court informed him that he could be sentenced to serve 20 years (Plea transcript at 6).

On March 23, 1981, the Superior Court issued its ruling on the petition and found that Neal was appointed to represent Dodd on the child molestation charge on December 2, 1980. He interviewed petitioner on

---

**2.** The error, in part, was that only criminal defendants with three prior felonies are not eligible for parole following conviction for their fourth offense. Ga.Code Ann. § 27–2511, O.C.G.A. § 17–10–7.

more than one occasion, researched the applicable law, negotiated with the prosecutor, and discovered from him the state's expected evidence. He told the defendant that what he admitted doing would constitute the offense of child molestation. He negotiated a plea bargain. The Superior Court concluded that petitioner had the benefit of effective assistance of counsel, and that any erroneous advice with respect to the eligibility for parole was not so significant as to amount to a denial of due process or effective representation of counsel. The Superior Court held that the guilty plea was voluntarily and knowingly entered. However, on April 9, 1981, the Superior Court set aside the conviction and sentence for theft by receiving stolen property, No. 9537.

The Supreme Court of Georgia denied petitioner's application for certificate of probable cause on June 30, 1981.

Petitioner then filed this 28 U.S.C. § 2254(d) petition. The Magistrate recommends that petitioner's request for another hearing be denied, since the state court record is adequate for a determination of the issues in this Court, and that petitioner's testimony is not necessary to adjudicate the factual issues here. He also recommends that it be concluded that petitioner's guilty plea was voluntary and knowing, that he received effective assistance of counsel, and that the application for the writ be dismissed.

II

A.

As a preliminary matter, the Court must determine whether petitioner is entitled to an evidentiary hearing in this Court. He claims he is, because the failure of the state court to take his testimony requires this Court to conclude that the Superior Court's findings are due no presumption of correctness. He alleges that the material facts were not adequately developed and that the factfinding procedure employed was not adequate for a full and fair hearing. In his objections to the Magistrate's report, he also claims that the state court findings were not fairly supported by the record.

Title 28 U.S.C. § 2254(d) governs the Court's review of a state court habeas corpus record, and to some extent, controls the request of a complaining petitioner for a further evidentiary proceeding in federal court. This code section provides that a determination after a hearing on the merits of a factual issue made by the state habeas court, "shall be presumed to be correct," unless one or more of eight exceptional circumstances are met:

(1) the merits of the factual dispute were not resolved in the state court hearing;

(2) the factfinding procedure employed by the state court was not adequate to afford a full and fair hearing;

(3) the material facts were not adequately developed at the state court hearing;

(4) the state court lacked jurisdiction of the subject matter or over the person of the applicant in the state court proceeding;

(5) the applicant was an indigent and the state court, in deprivation of his constitutional right, failed to appoint counsel to represent him in the state court proceeding;

(6) the applicant did not receive a full, fair and adequate hearing in the state court proceeding; or

(7) the applicant was otherwise denied due process of law in the state court proceeding;

(8) or unless that part of the record of the state court proceeding in which the determination of such factual issue was made, pertinent to a determination of the sufficiency of the evidence to support such factual determination, is produced as provided for hereinafter, and the federal court on a consideration of such part of the record as a whole concludes that such factual determination is not fairly supported by the record.

28 U.S.C. § 2254(d)(1) through (8).

Then, even if the federal court holds an evidentiary hearing, unless one of the

criteria of (1) through (8) is met, the burden remains on the habeas applicant to establish by convincing evidence that the factual determination of the state court was erroneous. 28 U.S.C. § 2254; *Sumner v. Mata,* 449 U.S. 539, 550, 101 S.Ct. 764, 770, 66 L.Ed.2d 722 (1981) (*Sumner I*). *See also, Marshall v. Lonberger,* —— U.S. ——, 103 S.Ct. 843, 74 L.Ed.2d 646 (1983).

■ In the instant case, petitioner argues that he is entitled to a new evidentiary hearing based on factors (2), (3), and (8). Of these three, petitioner's claim that the factfinding procedure employed by the Superior Court was not adequate to afford a full and fair hearing must be dismissed out of hand. The Superior Court appointed counsel for petitioner, who prepared the state petition and examined Dodd's former attorneys at trial. The Superior Court did not restrict counsel from following any line of questioning. That counsel did not choose to put petitioner on the stand at the hearing does not render the state court process insufficient.

■ Exception (3) concerns the failure to develop adequately the material facts at the state hearing. At the outset, the Court notes that petitioner has not stated what material facts or lines of inquiry were not developed at the state hearing, although he now contests Mr. Neal's assertion that petitioner admitted the facts which would constitute guilt.[3] In any event, *Thomas v. Zant,* 697 F.2d 977 (11th Cir.1983) requires a two-pronged showing by a petitioner prior to the holding of a federal evidentiary hearing on the grounds that material facts were not developed in prior hearings. He must show,

> [F]irst, that a fact pertaining to his federal constitutional claim was not adequately developed at the state court hearing and that the fact was "material" (in the language of [§ 2254(d)(3)] or "crucial

to a fair, rounded development of the material facts" (in the language of *Townsend* [*v. Sain,* 372 U.S. 293, 322, 83 S.Ct. 745, 761, 9 L.Ed.2d 770 (1963))]; [and] second, that failure to develop that material fact at the state proceeding was not attributable to petitioner's inexcusable neglect or deliberate bypass.

*Thomas v. Zant,* 697 F.2d at 986 (footnote omitted). Nothing in petitioner's pleadings indicates even that an evidentiary hearing is required on the threshold questions noted in *Thomas, see id.* ("Either of these may itself require an evidentiary hearing"), not to mention petitioner's entitlement to an evidentiary hearing on the substance of his federal claim.

■ Finally, the Court finds, after consideration of the entire record, including petitioner's present allegations, that the Superior Court's findings of fact are "fairly supported by the record." Accordingly, § 2254(d)(8) does not require a further hearing based on petitioner's bare allegations to the contrary. In this regard, it is important to note that, in order to ignore the state court's findings or grant a new hearing, this Court must "more than disagree [with those findings]; it must conclude that the state court's findings lacked even 'fair [ ] support' in the record." *Marshall v. Lonberger, supra,* —— U.S. at ——, 103 S.Ct. at 850. In effect, the state court determination of facts is entitled to a "high measure of deference" by this Court. *Sumner v. Mata,* 455 U.S. 591, 598, 102 S.Ct. 1303, 1307, 71 L.Ed.2d 480 (1982) (*Sumner II*).

Therefore, based on petitioner's failure to allege with some focus how the supposed errors of the state court's findings could be rectified by an additional hearing, and on the Court's own review of that record, the Court concludes that determination of petitioner's federal claims properly may be con-

---

**3.** The Court also concludes that the proceeding was not rendered unfair by Neal's testimony to petitioner's statements. O.C.G.A. § 29-9-24 excepts from the attorney-client privilege an attorney's testimony as to any facts which may

transpire in connection with his employment. By attacking Neal's competency, Dodd waived any privilege resulting from their relationship. *United States v. Woodall,* 438 F.2d 1317, 1324 (5th Cir.1970) (*en banc*).

sidered without the further taking of evidence.[4]

Fowler v. Jago, 683 F.2d 983 (6th Cir. 1982) compels no different result. There, the state court's conclusions were not deferred to because of its failure to indicate that it applied the appropriate standard. The record was full of contradictory evidence which did not totally refute the petitioner's claims. 683 F.2d at 990–991. Here, on the other hand, petitioner has offered no refutation of the state court's findings, but merely claims they are not adequate nor deserving of deference. The Court does not believe that it must hold additional hearings on such allegations.

### B.

The gist of petitioner's claims is that he received ineffective assistance of counsel because of the faulty advice and that his guilty plea was involuntary and unintelligent because of this erroneous advice of counsel. In addition, he cites counsel's failure to discover the void conviction underlying the habitual felon count and his failure to interview witnesses as further support of his ineffective assistance contention.

■ The Magistrate concluded, and the Court finds substantial support in the record, that Neal consulted several times with petitioner prior to the entry of the plea. He advised petitioner, based on petitioner's version of the facts, of the probability of conviction at trial.[5] He consulted with the District Attorney and negotiated a favorable plea agreement. He advised petitioner that a conviction under the habitual felon count would require that he would be sentenced to the maximum of 20 years for child molestation. But, regardless of the habitual felon count, petitioner still was exposed to a possible 20 year sentence. Pe-

titioner benefitted from the prosecutor's agreement to drop the habitual felon count and recommend only a 10 year sentence. The guilty plea transcript, also part of the record, reveals that petitioner had had prior experience in the criminal justice system; that he understood that he had a right to certain protections, such as the privilege against self-incrimination, forcing the state to put up its proof and convince a jury beyond a reasonable doubt of his guilt, to confront his accusers, and to testify on his own behalf; and that by pleading guilty, he waived those privileges. He explained his version of the case, as did the District Attorney. The judge explained that he was not bound by the state's recommendation and could sentence Dodd to up to 20 years, but the agreement was accepted and petitioner was sentenced in accordance with the deal. Despite the erroneous advice of counsel, petitioner still received less than the maximum sentence.

■ Therefore, petitioner's contentions of ineffective assistance of counsel as to Neal's failure to interview witnesses or discover the faulty prior conviction, must fail. Effective counsel need not be errorless counsel, nor should counsel be judged ineffective by hindsight. Baty v. Balkcom, 661 F.2d 391, 394 (5th Cir.1981); Washington v. Estelle, 648 F.2d 276 (5th Cir.1981); Clark v. Blackburn, 619 F.2d 431 (5th Cir.1980). The appropriate methodology for determining whether there has been effective assistance is to examine the totality of the circumstances in the record. Lovett v. Florida, 627 F.2d 706 (5th Cir.1980).

■ The more stringent test, that required for trial counsel, reviews the actual performance of counsel to determine whether counsel was reasonably likely to

---

4. Moreover, because Dodd has failed to allege satisfaction of the *Thomas* factors (or their equivalent from prior caselaw, *see Townsend v. Sain, supra*), the Court also concludes that petitioner need not be afforded an opportunity to refute Neal's contentions of Dodd's admissions of the facts constituting the offense charged.

5. This Court has no authority under 28 U.S.C. § 2254(d) to redetermine the credibility of witnesses whose demeanor was observed by the state court, but not by it. *Marshall v. Lonberger, supra,* —— U.S. at ——, 103 S.Ct. at 851. Petitioner now attacks Neal's credibility. However, that petitioner relied heavily upon Neal's admissions of error, in the Court's view, strengthens Neal's credibility.

render and did render effective assistance of counsel. *Carbo v. United States,* 581 F.2d 91, 92 (5th Cir.1978); *United States v. Gray,* 565 F.2d 881, 887 (5th Cir.1978); *MacKenna v. Ellis,* 280 F.2d 592, 599 (5th Cir.1960). But, the burden is on the petitioner to show by a preponderance of the evidence that he lacked effective assistance of counsel and that he suffered prejudice thereby. *Owens v. Wainwright,* 698 F.2d 1111, 1113 (11th Cir.1983); *Washington v. Strickland,* 693 F.2d 1243, 1250, 1258, 1262 (11th Cir.1982) (*en banc*) ("actual and substantial disadvantage to the course of his defense"); *United States v. Killian,* 639 F.2d 206, 210 (5th Cir.1981).

■ In this context, petitioner has not shown the requisite prejudice. Rather, his plea bargain offered him less of a sentence than he was exposed to, regardless of the failure to discover the faulty prior conviction. The focus here is not "what might have been if," but actual prejudice.

■ However, this is not a case to be judged solely on the *MacKenna v. Ellis* standard. A guilty plea is required to be knowing and voluntary, or it is invalid. *Boykin v. Alabama,* 395 U.S. 238, 242, 89 S.Ct. 1709, 1711, 23 L.Ed.2d 274 (1969); *Brady v. United States,* 397 U.S. 742, 747, 90 S.Ct. 1463, 1468, 25 L.Ed.2d 747 (1970); *Bradbury v. Wainwright,* 658 F.2d 1083, 1086 (5th Cir.1981). But, a guilty plea cannot have been knowing and voluntary if a defendant does not receive reasonably effective assistance of counsel in connection with the decision to plead guilty, because the plea does not then represent an informed choice. *Mason v. Balkcom,* 531 F.2d 717, 724–725 (5th Cir.1976); *Scott v. Wainwright,* 698 F.2d 427, 432 (11th Cir.1983).

■ Thus, the guilty plea does not relieve counsel of the responsibility to investigate potential defenses so that the defendant has an informed choice. *Lee v. Hopper,* 499 F.2d 456, 463 (5th Cir.1974); *Scott v. Wainwright, supra.* Counsel must assist actually and substantially in the defendant's decision whether to plead guilty, so that the decision is made knowingly and voluntarily.

*Bradbury v. Wainwright, supra,* at 1087; *Herring v. Estelle,* 491 F.2d 125 (5th Cir. 1974). Counsel's advice need not be errorless and need not involve every conceivable defense, but it must be within the realm of competence demanded of attorneys representing criminal defendants. *McMann v. Richardson,* 397 U.S. 759, 771, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763 (1970); *Tollett v. Henderson,* 411 U.S. 258, 264, 93 S.Ct. 1602, 1606, 36 L.Ed.2d 235 (1973).

With this background, the Court notes initially that this is not a case like *Scott v. Wainwright, supra,* where, since counsel was not ready for trial, defendant pleaded guilty. No such coercion is evident in this case. Instead, petitioner argues that he was "coerced" into pleading guilty by the supposed operation of the habitual felon statute and counsel's further error on petitioner's eligibility for parole if convicted.

■ Once a plea of guilty has been entered, all nonjurisdictional challenges to the conviction's constitutionality are waived, and only an attack on the voluntary and knowing nature of the plea can be sustained. *Scott v. Wainwright, supra,* 698 F.2d at 432; *McMann v. Richardson, supra; Bradbury v. Wainwright, supra,* at 1087. The focus, therefore, on federal habeas review is the nature of the advice and the voluntariness of the plea, not the existence as such of an antecedent constitutional infirmity. *Tollett v. Henderson, supra,* 411 U.S. at 266, 93 S.Ct. at 1607. As stated previously, the petitioner must show that the advice was not "within the range of competence demanded of attorneys in criminal cases." *id.; McMann v. Richardson, supra,* at 771. As the *Tollett* Court held,

> Counsel's failure to evaluate properly facts giving rise to a constitutional claim, or his failure properly to inform himself of facts that would have shown the existence of a constitutional claim, might in particular fact situations meet this burden of proof. [But], while claims of prior constitutional deprivation may play a part in evaluating the advice rendered by counsel, they are not themselves independent grounds for federal collateral relief.

*Tollett v. Henderson, supra,* 411 U.S. at 266–267, 93 S.Ct. at 1607–08.

In the Court's view, this case is controlled by a long series of cases which denied federal collateral relief to a criminal defendant who pleaded guilty, and then sought relief on a constitutional claim not adjudicated because of the plea. These cases generally rely on the maxim that complaints of ineffective representation cannot be judged through the distorted vision of hindsight, *Young v. Zant,* 677 F.2d 792, 798 (11th Cir.1982); *Clark v. Blackburn,* 619 F.2d 431, 433 (5th Cir.1980); but only by taking into account all of the circumstances of the case, and only as those circumstances were known to counsel at that time. *Washington v. Strickland, supra,* at 1251; *Washington v. Watkins,* 655 F.2d 1346, 1356 (5th Cir.1981).

In *Brady v. United States, supra,* petitioner was indicted for kidnapping, and subsequently pleaded guilty to avoid the death penalty, as the law then permitted. Thereafter, *Jackson v. United States,* 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138 (1968), held the death penalty under the statute unconstitutional. The *Brady* Court left the guilty plea undisturbed.

> We decline to hold ... that a guilty plea is compelled and invalid under the Fifth Amendment whenever motivated by the defendant's desire to accept the certainty or probability of a lesser penalty rather than face a wider range of possibilities extending from acquittal to conviction and a higher penalty authorized by law for the crime charged.

*Brady v. United States,* 397 U.S. at 751, 90 S.Ct. at 1470.

> The rule that a plea must be intelligently made to be valid does not require that a plea be vulnerable to later attack if the defendant did not correctly assess every relevant factor entering into his decision. A defendant is not entitled to withdraw his plea merely because he discovers long after the plea has been accepted that his calculus misapprehended the quality of the State's case or the likely penalties attached to alternative courses of action

> ... The fact that Brady did not anticipate *United States v. Jackson, supra,* does not impugn the truth or reliability of his plea. We find no requirement in the Constitution that defendant must be permitted to disown his solemn admissions in open court that he committed the act with which he is charged simply because it later develops that the State would have had a weaker case than the defendant had thought or that the maximum penalty then assumed applicable has been held inapplicable in subsequent judicial decisions.

*id.,* at 757, 90 S.Ct. at 1473.

And in *McMann v. Richardson, supra,* petitioner's later request for collateral relief asserting that a coerced confession induced his plea was held "at most a claim that the admissibility of his confession was mistakenly assessed and that since he was erroneously advised, either under the applicable law or under the law later announced, his plea was an unintelligent and voidable act."

> The constitution, however, does not render guilty pleas so vulnerable ... That a guilty plea must be intelligently made is not a requirement that all advice offered by the defendant's lawyer withstand retrospective examination in a post-conviction hearing.

*McMann v. Richardson,* 397 U.S. at 769–770, 90 S.Ct. at 1448. *See also Busby v. Holman,* 356 F.2d 75, 77 (5th Cir.1966) (A judgment on a plea of guilty which has been entered voluntarily on the advice of counsel is not rendered invalid because the defendant had previously made a confession under circumstances which might have rendered it inadmissible in evidence if the defendant had pleaded not guilty and gone to trial).

In this case, petitioner was indicted as an habitual felon along with the substantive offense of child molestation. The record discloses two sentences imposed on defendant as result of the 1975 plea: plea of guilty to motor vehicle theft, No. 9537 (attached as defendant's exhibit no. 2 to the state habeas proceeding) and plea of guilty to theft by receiving, No. 9537 (defendant's exhibit no. 3). Regardless of the confusing

nature of these entries, defendant's counsel in 1975 and the assistant district attorney believed it to be a valid plea, and thus, a valid conviction. It was a valuable agreement for all involved at the time. That it was ruled void over six years later, or could have been attacked at a trial on the newer indictments, does not render petitioner's plea of guilty to avoid the operation of the habitual offender statute any less voluntary or Neal's assistance less effective.

*Cooks v. United States,* 461 F.2d 530 (5th Cir.1972), is inapposite. In a multi-count indictment, Cooks was charged with multiple violations of transporting forged securities across state lines. All of the alleged forgeries were carried across the state line in one occurrence. The indictment clearly was defective, yet counsel misadvised his client to plead to the maximum sentence for one count, the maximum time defendant faced if he went on trial anyway.

The Fifth Circuit issued a writ of habeas corpus, holding that "[w]here counsel has induced defendant to plead guilty on the *patently erroneous* advice that if he does not do so he may be subject to a sentence six times more severe than that which the law would really allow, the proceeding surely fits the mold we describe as a 'farce and a mockery of justice.'" 461 F.2d at 532.

The advice here was not "patently erroneous." The conviction was not facially invalid. Even if it was, Dodd still faced a maximum exposure of 20 years regardless of the validity of the habitual felon charge.

Even if misinformed about the possible maximum sentence, the defendant's plea is not to be set aside as involuntary if he receives a sentence less than the law permitted, or less than the defendant was informed that the court would impose. *Hill v. Estelle,* 653 F.2d 202, 205 (5th Cir. 1981); *United States v. Woodall,* 438 F.2d

1317, 1328–1329 (5th Cir.) (*en banc*), cert. denied 403 U.S. 933, 91 S.Ct. 2262, 29 L.Ed.2d 712 (1971).

Nor did counsel's misstatements of the eligibility for parole render counsel's assistance ineffective or the plea involuntary. An erroneous sentence estimate by defense counsel does not make a plea of guilty involuntary. *United States ex rel. Scott v. Mancusi,* 429 F.2d 104, 106 (2nd Cir.1970); *United States ex rel. Bullock v. Warden,* 408 F.2d 1326, 1330 (2nd Cir.1969). Rather, as long as petitioner understood the length of time he might possibly *receive,* he was fully aware of the plea's consequences. *United States v. Maggio,* 514 F.2d 80 (5th Cir.1975); *Dunlap v. United States,* 462 F.2d 163 (5th Cir.1972). Under these circumstances, the plea was not induced by misrepresentation. *Bradbury v. Wainwright, supra,* at 1087.[6] Since counsel informed petitioner of his maximum exposure, as well as all the available options, his assistance, even with the error, cannot be said to be ineffective.

Nor is this case governed by this Court's ruling in *McBryar v. McElroy,* 510 F.Supp. 706 (N.D.Ga.1981). McBryar's attorney told him that the prosecutor agreed to recommend probation in exchange for his testimony, when in fact the prosecutor agreed merely to tell the court of McBryar's aid. McBryar was sentenced to seven years. This Court granted the writ because McBryar, under the mistaken belief that he would not serve any time, did not enter his plea intelligently and with awareness of all the circumstances. 510 F.Supp. at 712.

The Court concludes that Neal negotiated a very good deal for Dodd, and would have had good reason to feel that Dodd should plead guilty to the lesser charges rather than stand trial. *See United States ex rel. Scott v. Mansusi, supra.* As the Court stat-

---

**6.** *See also Shelton v. United States,* 246 F.2d 571, 572 n. 2 (5th Cir.1957) (*en banc*), rev'd. on confession of error on other grounds, 356 U.S. 26, 78 S.Ct. 563, 2 L.Ed.2d 579 (1958):

[A] plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own

counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g. bribes).

ed in *McBryar,* the state of mind of the pleading defendant must be focused upon in determining the validity of the plea. *McBryar v. McElroy, supra,* at 712. It is clear that Dodd accepted the state's recommendation to avoid what possibly was a much harsher sentence; a guilty plea will not be adjudged involuntary solely because it was entered to limit the maximum sentence. *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1975); *Starling v. Estelle,* 651 F.2d 1082, 1083 (5th Cir.1981); *Jones v. Estelle,* 584 F.2d 687 (5th Cir.1978).

Thus, the plea was intelligently and voluntarily entered; any errors of counsel were within the range of competency of attorneys representing criminal defendants; and in any event, were not such as to cause actual and substantial disadvantage.

ACCORDINGLY, the application for a writ of habeas corpus is DENIED.

IT IS SO ORDERED, this the 11th day of March, 1983.