UNITED STATES of America,
Plaintiff-Appellee,

v.

Larry Alan FRENCH,
Defendant-Appellant.

No. 83–7263
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Nov. 10, 1983.

Sheldon Perhacs, Birmingham, Ala., for defendant-appellant.

Frank W. Donaldson, U.S. Atty., Michael V. Rasmussen, Asst. U.S. Atty., Birmingham, Ala., for plaintiff-appellee.

Before HATCHETT, ANDERSON and CLARK, Circuit Judges.

PER CURIAM:

Appellant, Larry Alan French, was sentenced to fifteen years custodial confinement after pleading guilty, on April 14, 1982, to two counts of bank robbery. The sentence exceeded the eight-year term recommended by the prosecutor in a plea bargain pursuant to Fed.R.Crim.P. 11(e)(1)(B).[1] French has filed a petition to vacate his sentence and to withdraw his guilty plea. He has stated two grounds in support of his petition: that he received ineffective assistance from his court-appointed counsel and that his guilty plea was entered involuntarily. We disagree with appellant's contentions and affirm the district court order denying his petition.

---

1. Under Fed.R.Crim.P. 11(e)(1)(B), a prosecutor can agree with the defendant to "make a recommendation, or agree not to oppose the defendant's request, for a particular sentence, with the understanding that such recommendation or request shall not be binding on the court." Rule 11(e)(2) further requires that "the court shall advise the defendant that if the court does not accept the recommendation or request the defendant nevertheless has no right to withdraw his plea."

■ Both of French's claims stem from his contention that, prior to the guilty plea, he was aware only of Fed.R.Crim.P. 11(e)(1)(B), and was not aware of Fed.R. Crim.P. 11(e)(1)(C). Subparagraph (B) of the Rule permits a plea bargain whereby the government will "make a recommendation . . . for a particular sentence, with the understanding that such recommendation or request shall not be binding upon the court." Subparagraph (C) of the Rule permits a plea bargain whereby the government will "agree that a specific sentence is the appropriate disposition of the case." If the court rejects the specific sentence to which the prosecution and defense have agreed in a Rule 11(e)(1)(C) plea bargain,[2] then the court is required to so advise the defendant and afford him the opportunity to then withdraw his guilty plea. Fed.R. Crim.P. 11(e)(4).

The appellant's ineffective assistance claim is based on his attorney's failure to inform him of the existence of Rule 11(e)(1)(C). That failure allegedly breached the attorney's duty to render meaningful advice to his client on the facts and law applicable to a plea bargain. *See generally Owens v. Wainwright,* 698 F.2d 1111, 1113–14 (11th Cir.1983) (discussing the criminal defendant's right to meaningful advice from his counsel in connection with a plea bargain). Without accurate and complete information at the plea bargaining stage, a defendant is unable to make a voluntary and informed plea. *Scott v. Wainwright,* 698 F.2d 427, 430 (11th Cir.1983).

■ To succeed in an ineffective assistance claim, however, a defendant must establish that his attorney's alleged failures resulted in prejudice. *Washington v. Strickland,* 693 F.2d 1243, 1257–63 (5th Cir. 1982) (Unit B en banc);[3] *United States v. Costa,* 691 F.2d 1358, 1363 (11th Cir.1982); *Adams v. Balkcom,* 688 F.2d 734, 738–39 (11th Cir.1982). In the present case, the district court found that the prosecutor would not have offered a binding plea agreement under Rule 11(e)(1)(C) even if French had demanded such an agreement. The lower court further found that it would not have accepted any binding plea agreement calling for a sentence of less than the fifteen years actually imposed.[4] The appellant could not have benefited from knowing of the existence of a plea bargaining arrangement that was not available to him on the facts of this case. Therefore, the alleged ineffectiveness of appellant's counsel was not prejudicial,[5] and the counsel's alleged failings do not provide cause for vacating French's sentence.

French's second claim is that his ignorance of the existence of Rule 11(e)(1)(C) rendered his guilty plea involuntary. French argues that if he had known of the Rule 11(e)(1)(C) provision, he would not have entered his guilty plea without first exploring the possibility of obtaining such a

2. We refer in this opinion to a Rule 11(e)(1)(C) plea bargain using the shorthand term, "binding" plea bargain. However, it is binding only in the sense that, if the court rejects the agreed upon sentence, the defendant is afforded the right to withdraw his guilty plea and is afforded the other rights provided in Rule 11(e)(4).

3. In *Stein v. Reynolds Securities, Inc.,* 667 F.2d 33 (11th Cir.1982), this court adopted as binding precedent all of the post-September 30, 1981, decisions of Unit B of the former Fifth Circuit. *Id.* at 34.

4. "[T]he court certainly would not have accepted an (e)(1)(C) [Fed.R.Crim.P. 11] agreement calling for an eight-year sentence under these circumstances." District Court findings of April 27, 1982, at 63. In support of its conclusions, the lower court noted that French had confessed to both of the armed robberies for which he was charged. He had a previous federal bank robbery conviction and 5-year sentence on his record. The district court stated that the 15-year sentence French received would have been much higher under the circumstances without the prosecutor's "lenient" recommendation of eight years. *Id.* at 63–65.

5. *Cf. Owens v. Wainwright,* 698 F.2d 1111, 1113–14 (11th Cir.1983) (attorney's failure to file motion to suppress defendant's confession was not prejudicial where such a motion would not have succeeded); *United States v. Costa,* 691 F.2d 1358, 1363–64 (11th Cir.1982) (attorney's failure to object to lawfulness of the defendant's arrest and to the introduction of certain evidence was not ineffective assistance of counsel because the objections would not have succeeded).

binding agreement from the prosecutor. However, since a binding plea agreement was not in fact a possibility for French, his argument is without merit.

■ Because a guilty plea is a waiver of substantial constitutional rights, it must be a voluntary, knowing, and intelligent act done with sufficient awareness of the relevant circumstances and likely consequences. *Brady v. United States,* 397 U.S. 742, 748, 90 S.Ct. 1463, 1468, 25 L.Ed.2d 747 (1970); *United States v. Deal,* 678 F.2d 1062, 1065 (11th Cir.1982). Before accepting a guilty plea, a trial judge must address the defendant in open court and determine whether the defendant is fully aware of the consequences of his action. *Id.;* Fed.R.Crim.P. 11. When the defendant is fully aware of the consequences of his plea, that plea must stand unless it was induced by threats, misrepresentations, or improper promises in the plea bargaining arrangement. *Bradbury v. Wainwright,* 658 F.2d 1083, 1086 (5th Cir. 1981) (Unit B), *cert. denied,* 456 U.S. 992, 102 S.Ct. 2275, 73 L.Ed.2d 1288 (1982).

■ The district court found that French was not induced by any threats, misrepresentations, or improper promises.[6] We agree. French acknowledges that both the court and his counsel informed him of the consequences of pleading guilty to the charges against him. French also acknowledges that he knew that the prosecutor's sentencing recommendation was not binding on the court and that he would be unable to withdraw his guilty plea should the court impose a sentence greater than that recommended. The fact that French was unaware of a plea bargaining arrangement that was not in fact available to him does not affect the voluntariness of his guilty plea under a plea bargaining arrangement he fully understood. French's guilty plea, accompanied by a plea bargaining recommendation under Rule 11(e)(1)(B), was voluntary, knowing, and informed under the relevant analysis.

The district court order denying appellant's motion to vacate his sentence is

AFFIRMED.

---

6. **We find this case distinguishable from *Teubert v. Gagnon,* 478 F.Supp. 474 (D.C.Wis. 1979), and like cases wherein defendants were induced to plead guilty by attorneys' misrepresentations. In *Teubert,* the defendant's attorney told him that the prosecutor would follow a parole officer's sentencing report in making a sentence recommendation to the court. Such a recommendation was not forthcoming, and thus, the court struck down the plea bargain because the defendant did not receive what he was told to expect. In the present case, French received the prosecutorial recommendation for which he bargained, and his sentence was within the scope of possibilities that he was told to expect.**

   **French's sole complaint is that he might have done better in his plea bargain with more com-** plete information. Similarly, in *Bradbury v. Wainwright, supra,* the defendant claimed that he would not have shifted his plea from not guilty by reason of insanity to guilty if his attorney had told him that the physician performing his psychiatric evaluation was not a psychiatrist. The defendant argued that the doctor's speciality was a circumstance relevant to the plea bargain. The court held that the defendant's ignorance of such a secondary issue, without any evidence that the doctor's speciality was misrepresented to the defendant, was not enough to render the plea involuntary. In the present case, French was unable to establish any misrepresentation of relevant circumstances, and his lack of information on a secondary issue does not make his plea involuntary.