Luis **PRADO–GONZALEZ, Petitioner,**

v.

Louie L. **WAINWRIGHT, et al,**
**Respondents.**

No. 85–8517–CIV.

United States District Court,
S.D. Florida,
Miami Division.

March 6, 1986.

Luis Prado-Gonzalez, pro se.

Richard G. Bartmon, Asst. Atty. Gen., West Palm Beach, Fla., for respondents.

## FINAL ORDER

SPELLMAN, District Judge.

Upon review of the Report and Recommendation of United States Magistrate Herbert S. Shapiro, which is attached hereto and made a part hereof and upon independent review of pertinent parts of the entire record herein, it is

ORDERED AND ADJUDGED that said Report and Recommendation is hereby adopted, and that the Petition for Writ of Habeas Corpus filed herein is DISMISSED with prejudice.

## REPORT AND RECOMMENDATION

### Jan. 16, 1985.

HERBERT S. SHAPIRO, United States Magistrate.

Luis Prado-Gonzalez, currently incarcerated at Florida State Prison, and appearing *pro se,* has filed ɾ petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

This cause was referred to the undersigned United States Magistrate by the Honorable Eugene P. Spellman, United States District Judge, for a Report and Recommendation in accordance with 28 U.S.C. § 636(b).

## PROCEDURAL HISTORY

While incarcerated at Glades Correctional Institution, pursuant to a conviction on a separate prior offense, petitioner was charged with two counts of possession of contraband in the state institution, to wit: currency and unauthorized letters, in violation of *Fla.Stat.* § 944.47(1)(a), and (1)(c). See, *Response to Order to Show Cause,* Docket # 5, Appendix A.

On December 10, 1982, a Plea Conference was held in which petitioner plead guilty to the count charging possession of currency. Accordingly, he was sentenced to six (6) months' incarceration, to run consecutive to petitioner's existing sentence. See, *Response to OTSC,* Ex. B and C.

Subsequently, on August 8, 1983, petitioner filed a *Motion for Post Conviction Relief,* pursuant to Rule 3.850, *Fla.R. Crim.P.* Petitioner raised the following issues:

1. Defendant was denied effective assistance of court appointed legal counsel, in violation of the rights and protections guaranteed him by the Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

2. Defendant's plea of Guilty was involuntary, obtained in violation of the rights and protections guaranteed him by the "due process" and "equal protection" clauses of the Fifth and Fourteenth Amendments to the Constitution of the United States.

3. The Statute under which the Defendant was charged, tried and convicted, Section 944.47(1)(a), (1)(c) Fla.Stat. (1982) is constitutionally defective and infirmed.

On October 7, 1983, the trial court conducted a hearing pursuant to petitioner's

motion. The trial court denied petitioner's motion, stating:

"I will deny the Motion for Post Conviction Relief. I am doing that on the very strong feeling that of all of the points you have raised that go to the thrust of Mr. Luis Prado-Gonzalez' not understanding what he is doing (petitioner alleges he neither speaks nor understands English), I want to suggest to you, ... that I have seen Haitian con men, I have seen Bahamian con men, I've seen Hispanic con men, I've seen South Georgia, American con men, and I feel that Mr. Luis Prado-Gonzalez' name is in the same category of all the variety of con men that I have seen. And I think that Mr. Luis Prado-Gonzalez is here today still blowing the horn of the typical con man, who had a bite at the apple and now wants another bite at the apple, and is willing to blame his lawyer, anybody else.

I feel that at the time I took the plea that Mr. Luis Prado-Gonzalez understood what he was doing and did it voluntarily ..." See, *Exhibit E*, pp. 26–27 (parenthetical insert added).

Petitioner subsequently appealed to the Fourth District Court of Appeal. The Fourth DCA dismissed the appeal, denying jurisdiction based on the fact that the trial court's denial was not reduced to written order. Upon petitioner's motion for rehearing, the Fourth DCA vacated its prior opinion, and relinquished jurisdiction to the trial court, for entry of a written order. See, *Prado-Gonzalez v. State*, 468 So.2d 991, 993 (Fla. 4th DCA 1985) (on rehearing).

Pursuant thereto, the trial court, on April 11, 1985, issued a written order denying petitioner's motion for post conviction relief. See, Ex. G. Subsequent to the submission of briefs, by both parties, to the Fourth DCA, in a *per curiam* decision without opinion, the court affirmed the trial court's denial, dated July 24, 1985.

Thereafter, on September 10, 1985, petitioner filed the instant action pursuant to 28 U.S.C. § 2254. In that petition, the following issues are raised:

1. Petitioner was denied the effective assistance of counsel and was coaxed into entering an involuntary guilty plea.

2. Petitioner was denied the effective assistance of counsel due to the fact that he is of Spanish descent and does not understand, read, speak or write the English language, nor does he understand the basic provisions of his legal rights.

3. The statute under which petitioner was convicted, Section 944.47(1)(a), (1)(c) Fla.Stat. is constitutionally vague and infirm.

Shortly thereafter, on September 23, 1985, petitioner filed a *Motion to Withdraw Petition for Writ of Habeas Corpus and to File Enclosed Petition for Habeas Corpus as Replacement.* See, Docket # 2. In this replacement petition, petitioner deleted claim # 2 and # 3, requesting that only claim # 1 be addressed by this Court.

In response thereto, this Court issued an Order to Show Cause (See Docket # 4), dated October 30, 1985, granting petitioner's motion, and ordering that respondents file a memorandum of law with attached exhibits in response to petitioner's remaining claim. In so ordering, this Court expressly stated that

"[P]etitioner is now limited to the allegations of his replacement petition filed September 23, 1985. He may not re-allege any additional claim contained within his original petition not contained in his replacement petition." See, *Order to Show Cause*, Docket # 4.

Evidently, respondents misunderstood the effect of the replacement petition and order to show cause. In their response memorandum, respondents proceeded to needlessly address all three claims contained within the original petition. This Court's order to show cause, granting petitioner's motion to withdraw the original petition and submit a replacement petition, obviated the need to address issues # 2 and # 3. This Court, therefore, will focus on

petitioner's remaining claim grounded upon the alleged involuntary guilty plea coerced by ineffective counsel.

## EXHAUSTION

Petitioner raised this claim initially in his Rule 3.850 motion for post conviction relief. Thereafter, petitioner raised this issue on appeal of the denial of his Rule 3.850 motion in the Fourth DCA.

Section 2254(b) requires the exhaustion of state court remedies before a federal habeas corpus application will be entertained. In Florida, exhaustion requires not only the filing of a Rule 3.850 motion, but an appeal from its denial. *Leonard v. Wainwright*, 601 F.2d 807, 808 (5th Cir. 1979).[1]

This Court, therefore, concludes that petitioner's remaining claim has satisfied the exhaustion requirement.

## ANALYSIS

In his replacement habeas petition, petitioner supports his allegation by stating:

"Prior to entering the guilty plea in the instant case the Petitioner was informed through court-appointed counsel that he had only one choice prior to going to court and that was to plead guilty. To do otherwise, court-appointed counsel told Petitioner, would automatically have the Petitioner serving a five year sentence instead of a six month sentence (which six month sentence Petitioner would receive if he plead guilty). Adding to this confusion is the fact that Petitioner speaks little or no English. Petitioner would additionally state that there was no mention of the fact that he could possibly be found not guilty of the charged offense;

The main point in the case sub judice, is that the counsel for Petitioner, in all actuality, threatened the Petitioner and thereby coerced the plea of guilty thereby making the same void. The threat

was by way of stating implicitly that if the Petitioner did go to trial then he would receive a five year sentence." See, *Replacement Petition for Writ of Habeas Corpus*, p. 5.

A plea of guilty is a waiver of several constitutional rights, including the fifth amendment privilege against compulsory self-incrimination and the sixth amendment rights to insist on a jury trial and to confront one's accusers. *Wofford v. Wainwright*, 748 F.2d 1505, 1508 (11th Cir.1984), citing *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274 (1969).

"Because such a waiver is valid only if made intelligently and voluntarily, an accused who has not received reasonably effective assistance from counsel in deciding to plead guilty cannot be bound by his plea." *Wofford*, 748 F.2d at 1508.

The implications of a guilty plea and consequent waiver of such significant rights are grave.

"A plea of guilty is more than a voluntary confession made in open court. It also serves as a stipulation that no proof by the prosecution need be advanced ... It supplies both evidence and verdict, ending controversy." *Boykin*, 395 U.S. at 242, 243, n. 4, 89 S.Ct. at 1712, n. 4.

Before accepting a guilty plea, it is the responsibility of the trial judge to address the defendant in open court and determine whether the defendant is fully aware of the consequences of his action. *U.S. v. French*, 719 F.2d 387, 390 (11th Cir.1983).

Based on the transcript of the Plea Conference, the petitioner expressly stated that he was satisfied with counsel and understood that his plea resulted in a sentence of six (6) months consecutive to the time he was serving. The trial court proceeded to find that the plea was freely and voluntarily made. Petitioner did not object.

The facts of this case establish that counsel made petitioner aware of the fact that if

1. Decisions of the United States Court of Appeals for the Fifth Circuit, prior to October 1, 1981, are binding as precedent on the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir.1981).

he was adjudicated guilty, petitioner could face an additional five (5) years. Petitioner was also educated to the fact that if he plead guilty, only six (6) months would be tacked onto his existing sentence.

"When a defendant is fully aware of the consequences of his plea, that plea must stand unless it was induced by threats, misrepresentations, or improper promises in the plea bargaining arrangement." *U.S. v. French*, 719 F.2d at 390.

Although petitioner alleges coercion, that claim is wholly unsubstantiated. Petitioner acknowledges that he was informed of the potential maximum sentence, by both counsel and the trial court. Further, petitioner acknowledged that he so plead because

"[H]e was going to receive like five years, instead of six months, so he decided to take a plea of guilty, and take the six months." See, Ex. E, *Hearing Pursuant to Rule 3.850 Motion*, (translation of interpreter), p. 13.

"We decline to hold . . . that a guilty plea is compelled and invalid under the Fifth Amendment whenever motivated by the defendant's desire to accept the certainty or probability of a lesser penalty rather than face a wider range of possibilities extending from acquittal to conviction and a higher penalty authorized by law for the crime charged." *Dodd v. Williams*, 560 F.Supp. 372, 380 (N.D.Georgia 1983), citing *Brady v. U.S.*, 397 U.S. 742, 90 S.Ct. 1463, 1468, 25 L.Ed.2d 747 (1970).

In such circumstances, counsel must make an independent examination of the facts, circumstances, pleadings and applicable law, and then offer his opinion as to the best course for his client.

"Often the decision to plead guilty is heavily influenced by the defendant's appraisal of the prosecution's case against him and by the apparent likelihood of securing leniency should a guilty plea be offered and accepted. Considerations like these frequently present imponderable questions for which there are no certain answers; judgments may be made that in the light of later events seem improvident, although they were perfectly sensible at the time. The rule that a plea must be intelligently made to be valid does not require that a plea be vulnerable to attack if the defendant did not correctly assess every relevant factor entering into his decision." *Wofford*, 748 F.2d at 1508–1509.

No evidence of coercion is found in this case. On the contrary, it is clear that the petitioner plead guilty so as to avoid what probably would be a much harsher sentence. Such a plea will not be adjudged involuntary solely because it was entered to limit the maximum sentence. *Dodd*, 560 F.Supp. at 382.

Accordingly, petitioner fails in his claim of ineffective assistance of counsel pursuant to the standards articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

### RECOMMENDATION

Based on the foregoing, it is, hereby

RECOMMENDED that Petitioner's Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, be DISMISSED WITH PREJUDICE.

Pursuant to 28 U.S.C. § 636(b)(1)(B), the parties may serve and file written objections to this report with the Honorable Eugene P. Spellman, United States District Judge, within ten (10) days after being served with a copy of this Report and Recommendation. See *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B 1982).