UNITED STATES of America,

v.

**Elice JOSEPH.**

No. 92–782–CR.

United States District Court, S.D. Florida.

June 22, 1993.

Kendall B. Coffey, U.S. Atty., Andrew G. Oosterban, Asst. U.S. Atty., Miami, FL, for U.S.

James Robert Gailey, Federal Public Defender, Paul Korchin, Asst. Federal Public Defender, Miami, FL, for Elice Joseph.

*ORDER SETTING ASIDE GUILTY PLEA*

HIGHSMITH, District Judge.

THIS CAUSE came before the Court for sentencing. At the sentencing hearing, held June 9, 1993, the Court announced its decision to set aside the previously accepted guilty plea of the defendant and to set the case for trial. By separate order, the Court has set the case for trial during the two-week period commencing July 12, 1993. In this order, the Court explains its rationale for setting aside the defendant's guilty plea.

## PROCEDURAL BACKGROUND

On March 25, 1993, the Court accepted Defendant Elice Joseph's plea of guilty as to the one-count indictment in this case. The indictment charges that Joseph, an alien who had been previously convicted of an aggravated felony, attempted to reenter the United States after deportation, without the permission of the Attorney General, in violation of 8 U.S.C. § 1326(b)(2). After adjudicating Joseph guilty as to this count pursuant to his guilty plea, the Court scheduled sentencing for May 28, 1993.

Prior to the sentencing date, Joseph filed his objections to the presentencing report, asserting that the aggravated felony conviction underlying the illegal reentry offense was constitutionally defective. In support of this assertion, Joseph proffered to the Court the existence of a tape recording of the state court proceedings, where Joseph entered a plea of no contest to attempted murder in the second degree without a firearm, which plea resulted in his conviction.[1] Joseph later furnished the Court, and the government, with copies of the tape. To permit further consideration of this matter, the Court recessed the sentencing hearing until June 9, 1993.

On June 9, 1993, after having listened carefully to the taped proceedings before the state judge, the Court announced the following findings.

(1) The plea proceedings before the state judge were, absolutely and unquestionable, constitutionally invalid. During the proceedings, the defendant kept raising, through the Creole interpreter, his belief in his innocence of the charge brought against him, on the grounds of self-defense. The state judge cut him short, indicating that this issue could be raised at sentencing.

(2) The defendant ostensibly had the plea agreement translated to him prior to signing. After listening to the tape, however, the Court concludes that the Creole translation was minimally competent at best, and, on occasion, in absolute error.

(3) Even taking into consideration that the plea was "no contest," the Court finds that the defendant did not understand the significance of his plea. He personally cried out his innocence. The state judge, however, disregarded the defendant's statements regarding his conduct and accepted his counsel's proffer that the defendant understood the significance of his plea.

(4) The state judge's condescending attitude toward this Haitian man in the St. Lucie County, Florida, proceedings made the plea proceedings unconscionable. Indeed, the hearing was blatantly insufficient in that it denied the defendant the basic constitutional right of a few minutes to explain his version of the conduct that formed the basis of his conviction.

Having made these findings regarding the conviction underlying the present offense, the Court concluded that its own acceptance of a guilty plea should be set aside.

## STANDARD FOR SETTING ASIDE A GUILTY PLEA

"Because a guilty plea is a waiver of substantial constitutional rights, it must be a voluntary, knowing, and intelligent act done with sufficient awareness of the relevant circumstances and likely consequences." *United States v. French*, 719 F.2d 387, 390 (11th Cir.1983), *cert. denied*, 466 U.S. 960, 104 S.Ct. 2174, 80 L.Ed.2d 557 (1984). To ensure that the defendant's guilty plea is voluntary and knowing, the court must address the defendant personally in open court. *Fed. R.Crim.P.* 11(d). "Notwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea." *Fed. R.Crim.P.* 11(f).

Rule 11(f) "adopts a subjective test: Is the judge satisfied that a factual basis exists for the plea?" *United States v. Gomez–Gomez*, 822 F.2d 1008, 1010 (11th Cir.1987), *cert. denied sub nom., Villalobos–Lorduiz v. United States*, 484 U.S. 1028, 108 S.Ct. 755, 98

---

1. "The term 'aggravated felony' means murder.... Such term applies to offenses described in the previous sentence whether in violation of Federal or State law." 8 U.S.C.A. § 1101(a)(43) (West 1979 & Supp.1993). Joseph does not dispute that the state conviction falls within the definition of "aggravated felony" for purposes of 8 U.S.C. § 1326(b)(2).

L.Ed.2d 767 (1988). "This subjective standard affords the judge broad discretion to set aside a guilty plea." *Id.* *See also United States v. Hecht,* 638 F.2d 651, 653 (3rd Cir. 1981) ("Thus, in obedience to Rule 11, we have held that where the factual basis for a guilty plea is seriously undermined, a trial judge may set aside that plea without the consent of the accused, and furthermore require the accused to stand trial.")

■ Despite this broad discretion, the judge must make a reasoned decision, which will permit a reviewing court to determine that such discretion has not been abused. *Gomez–Gomez,* 822 F.2d at 1011 n. 6. Nevertheless, according to the Eleventh Circuit, the protection of defendants who enter guilty pleas makes it "far better for a court to err on the side of rejecting a valid guilty plea than to violate a defendant's constitutional rights by entering judgment on a defective plea." *Id.,* at 1011.

### DISCUSSION

■ Prior to its initial acceptance of Joseph's guilty plea on March 25, 1993, the Court conducted an extensive plea colloquy to satisfy itself of the voluntary and knowing nature of Joseph's actions. Indeed, at the Court's request, the government recited into the record the facts underlying the offense, including his August 1, 1989 conviction, as well as the fifteen year maximum sentence of imprisonment prescribed by the statute. Based on Joseph's answers, the Court accepted his guilty plea.

The Court's conclusion that the state proceedings were constitutionally defective, however, have cast doubt on the factual basis for Joseph's guilty plea before this Court. Indeed, a review of the plea colloquy before this Court, reveals that, to this day, Joseph considers himself innocent of the state charge, based on the theory of self-defense. At one point in the plea colloquy with the Court, Joseph stated that "something was not quite right" with his St. Lucie County conviction and went on to describe his version of the facts. At that time, however, the Court was not aware of the deficiency of the state court plea proceedings and did not fully appreciate the significance of this statement.

The Court now understands that, despite his formal assurances to the Court, Joseph does not admit, and has never admitted, one of the elements of the reentry offense—the aggravated felony conviction. The Court concludes, therefore, that Joseph's guilty plea as to count I of the indictment must be set aside, pursuant to *Fed.R.Crim.P.* 11(f).

### CONCLUSION

Based on the foregoing considerations, it is

ORDERED AND ADJUDGED that Defendant Elice Joseph's guilty plea be, and the same is hereby, SET ASIDE. The Court's adjudication of guilt as to count I of the indictment is VACATED. This action SHALL PROCEED to trial, pursuant to the Court's separate order.

DONE AND ORDERED.