William KNOX, Appellant in No. 13973,

v.

UNITED STATES LINES COMPANY, Appellant in No. 13974,

v.

T. HOGAN CORPORATION.

Nos. 13973, 13974.

United States Court of Appeals
Third Circuit.

Argued Nov. 6, 1962.

Decided July 2, 1963.

248

S. Gerald Litvin, Philadelphia, Pa. (Freedman, Landy & Lorry, Philadelphia, Pa., on the brief), for appellant Knox.

Harrison G. Kildare, Philadelphia, Pa. (Rawle & Henderson and Thomas F. Mount, Philadelphia, Pa., on the brief), for United States Lines Co.

T. E. Byrne, Jr., Philadelphia, Pa. (Robert Cox, Krusen, Evans & Byrne, Philadelphia, Pa., on the brief), for T. Hogan Corp.

Before GANEY and SMITH, Circuit Judges, and AUGELLI, District Judge.

WILLIAM F. SMITH, Circuit Judge.

This case is here on appeal for the second time. The plaintiff, a longshoreman employed by an independent contractor, brought this action for personal injuries sustained while employed aboard a vessel owned by the defendant. The alleged grounds of liability were negligence and breach of the warranty of seaworthiness. The defendant impleaded the plaintiff's employer as a third-party defendant. The action was tried to the Court and a jury and resulted in a verdict in favor of the defendant and the entry of judgment accordingly. An appeal followed the denial of a motion for new trial and for judgment n. o. v. This Court reversed the judgment in part and remanded the action to the district court for a new trial limited to the issue of unseaworthiness. Knox v. United States Lines Company, 294 F.2d 354 (3 Cir., 1961).[1] The present appeal is from the judgment entered upon retrial.

■■ We recognize, as we must, that it was the duty of the defendant to maintain its vessel, including its stowage, in a seaworthy condition, that is, reasonably suitable and fit for her intended service. The Osceola, 189 U.S. 158, 23 S.Ct. 483, 47 L.Ed. 760 (1903); Mahnick v. Southern S.S. Co., 321 U.S. 96, 64 S.Ct. 455, 88 L.Ed. 561 (1944); Seas Shipping Co. v. Sieracki, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099 (1946). This duty was absolute and not limited by concepts of negligence. Ibid. The duty was no less with respect to an unseaworthy condition which may be only temporary. Mitchell v. Trawler Racer, Inc., 362 U.S. 539, 80 S.Ct. 926, 4 L.Ed.2d 941 (1960). We

---

1. This Court filed a subsequent per curiam opinion in which the Court determined that it lacked jurisdiction to entertain the appeal. Ibid. However, the Court suggested that the Trial Court might consider the original opinion in deciding whether to grant new trials on the claim and the third-party claim.

review the evidence as a whole in the light of these established principles.

The plaintiff was injured while he and his fellow-employees were unloading a cargo of burlap rolls. The facts and attendant circumstances are fully summarized in the earlier opinion of this Court and do not require extended discussion here. The following paragraph in the opinion of Judge Hastie is pertinent:

> "*  *  * The longshoremen began their work by unloading the burlap rolls in the center of the hold under the hatch opening to a depth, as estimated by the longshoremen themselves, of from six to eight feet, or three or four layers. The opening thus created was wider at the top than at the bottom because the marginal roll in each layer rested on and between two rolls of the next layer. Thus, each layer extended somewhat farther—about the radius of a roll—into the cleared area than did the next overlying layer. Looking upward from the floor of the cleared area the face of the stowage sloped away from the center of the hatch, like the face of a pyramid. In different metaphor, the clearing was somewhat 'V' shaped."

It appears from the evidence in the record that the depth of the "V" was six to seven feet, as found by the trial judge upon retrial of the action.

Upon remand, counsel agreed to waive trial by jury and to permit the Court to decide the remaining issue on the record of the prior trial and further argument. The factual issue before the Trial Court was whether the six or seven foot "V" dug out in the stowage by the longshoremen constituted an unseaworthy condition. Knox v. United States Lines, supra, 294 F.2d 358. The ultimate factual determination was adverse to the plaintiff's contention.

The Trial Court found that, (1) "[a]t all times herein referred to the stowage, appurtenances and the ship itself was reasonably safe for the uses and purposes for which it was intended, and for any work required to be done upon it, including discharge of cargo," and that (2) no condition of the ship, its appurtenances or stowage "was a substantial factor in causing the injuries to the appellant." The plaintiff argues that the Court was in error and that the judgment entered below should be reversed.

■■ The sole issue for our decision is whether the Trial Court's findings of fact were "clearly erroneous" under the rule of McAllister v. United States, 348 U.S. 19, 20, 75 S.Ct. 6, 8, 99 L.Ed. 20 (1954). "Under this rule an appellate court cannot upset a trial court's factual findings unless it 'is left with the definite and firm conviction that a mistake has been committed'." Guzman v. Pichirilo, 369 U.S. 698, 702, 82 S.Ct. 1095, 8 L.Ed. 2d 205 (1962); see also United States v. United States Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948).

There is no dispute that in the discharge of cargo from the defendant's vessel, the longshoremen, one of whom was the plaintiff, created a "V," with a depth of some six or seven feet. The evidence discloses that the creation of a "V" was customary stevedoring procedure in the discharge of cargo of the type here involved. However, the evidence also shows that it was not the usual practice to create a "V" of a depth of six or seven feet. The customary depth, according to the testimony, is equal to "man height," the term indicating a depth equal to the height of a man's shoulders.

An expert witness called on behalf of the defendant testified that the method of discharge employed by the longshoremen in this case resulted in some danger.[2] We are of the opinion that this testimony, viewed in the light of other testimony given by the same witness, was susceptible of a reasonable inference that

2. This testimony was elicited in response to a hypothetical question. However, as found by the Trial Court, the hypothesis does not completely support it by the evidence in the record.

the depth of the "V," standing alone, did not bring into play a dangerous condition. The witness testified quite emphatically that in his opinion the manner in which the longshoremen dealt with the "V" created the danger. Indeed, the expert described in detail what he considered to be proper and safe procedure in dealing with the "V."

The factual setting of the accident in this case is not that pertaining in the Mitchell case, supra. We are unable to find features of this case which would distinguish it from Donovan v. Esso Shipping Co., 259 F.2d 65 (3rd Cir., 1958), cert. den. 359 U.S. 907, 79 S.Ct. 583, 3 L.Ed.2d 572 (1959), and Puddu v. Royal Netherlands Steamship Company, 303 F.2d 752 (2nd Cir., 1962), cert. den. 371 U.S. 840, 83 S.Ct. 67, 9 L.Ed.2d 75 (1962). We are of the opinion, upon our review of the evidence as a whole, that the Trial Court's findings of fact cannot be held to be clearly erroneous. This opinion makes unnecessary any consideration of the third-party action.

The judgment of the court below will be affirmed.