SKIBS A/S SILJESTAD and The East Asiatic Co., Limited, Appellees,

v.

S.S. MATHEW LUCKENBACH and Luckenbach Steamship Company, Inc., Appellant.

No. 110, Docket 28234.

United States Court of Appeals Second Circuit.

Argued Oct. 29, 1963.

Decided Nov. 26, 1963.

no event less than a reasonable royalty for the use made of the invention by the infringer * * *."

564

Burlingham, Underwood, Barron, Wright & White, New York City, for appellant; Eugene Underwood and Kenneth H. Volk, New York City, of counsel.

Haight, Gardner, Poor & Havens, New York City, for appellee Siljestad; Charles S. Haight, Gordon W. Paulsen and Richard G. Ashworth, New York City, of counsel.

Bigham, Englar, Jones & Houston, New York City, for East Asiatic Co., Ltd., et al.; Leonard J. Matteson and Julian S. Gravely, Jr., New York City, of counsel.

Before SWAN, CLARK and MARSHALL, Circuit Judges.

PER CURIAM.

This litigation results from a collision in dense fog between the M/V Francisville and the S.S. Mathew Luckenbach in Buzzards Bay, on July 29, 1959. The Francisville, bound east, admitted fault in failing to proceed at a moderate speed in fog. The Luckenbach sought exoneration but was found contributorily at fault and not entitled to the major-minor fault rule. Judge Murphy's opinion states: "We are compelled to this finding because we are persuaded that her principal contentions are contrived;[1] her principal factual witnesses unworthy of belief; her records falsified, and her expert opinions based on false assumptions." 215 F. Supp. at p. 673.

■ Primarily the appeal challenges findings of fact which we cannot upset unless "clearly erroneous," MacAllister v. United States, 348 U.S. 19, 20, 75 S.Ct. 6, 7, 8, 99 L.Ed. 20. They are not. Indeed, appellant's brief admits that "The real issues turn on the speed of the Mathew and her use of radar." The trial judge found her witnesses unworthy of belief. Under these circumstances the burden assumed by appellant is insuperable. My brothers are content to affirm on Judge Murphy's well-reasoned opinion. The writer of this Per Curiam believes that the decree should be modified in two minor respects, namely costs and interest.

The decree awarded Siljestad costs. The court has discretion as to costs but the general rule divides costs in a mutual fault case. Benedict on Admiralty, 6th ed. Vol. 3, §§ 435, 439. I would divide them here.

■ The decree also awards Siljestad interest from January 9, 1962, the date it conceded the fault of the Francisville for excessive speed. Although conceding that the award of interest is discretionary, appellant contends that in both to blame cases interest should not be allowed until mutuality of fault has been established, citing The Wright, 2 Cir., 109 F.2d 699, 702. In Afran Transport Co. v. The Bergechief, 2 Cir., 285 F.2d 119, 120, we stated that "normally the award of interest may await the court's judgment which fixes the amount due. But we would not exclude all discretion in the mutual fault collision case; * * *." Lady Nelson, Ltd. v. Creole Petroleum Corp., 2 Cir., 286 F.2d 684, 688, held that allowance of interest from the date when the amount of damages was determined was an appropriate exercise of the District Court's discretion. My brothers think the allowance of interest from January 9, 1962 was a proper exercise of discretion. The writer of this opinion believes interest should not start until March 27, 1963 when Judge Murphy signed the interlocutory decree.

The decree is affirmed on the opinion below.

1. The footnote states that the word "contrived" does not reflect upon Luckenbach's proctors.