384 F.2d 911
 CITIES SERVICE OIL COMPANY, Appellee in No. 16366,
v.
M/S MELVIN H. BAKER, its boilers, engines, equipment, etc.
SEAWYS SHIPPING COMPANY
v.
S/T CITIES SERVICE MIAMI, her engines, boilers, appearel,
etc., and the Cities Service Oil Company, Appellee
in No. 16367.
Seaways Shipping Company, Owner of the M/S Melvin H. Baker, Appellant.
 Nos. 16366 and 16367.
 United States Court of Appeals Third Circuit.
 Argued Sept. 28, 1967.
Decided Oct. 26, 1967.
 
 John R. Sheneman, Zock, Petrie, Sheneman & Reid, New York City, (Benjamin F. Stahl, Jr., Clark, Ladner, Fortenbaugh & Young, Philadelphia, Pa., James D. Hanlon, New York City, on the brief) for appellant.
 Eugene R. Lippman, Krusen, Evans & Byrne, Philadelphia, Pa., (Hill, Betts, Yamoaka, Freehill & Longcope, by Eli Llis, New York City, on the brief) for appellee.
 Before McLAUGHLIN, HASTIE, and FORMAN, Circuit Judges.
 OPINION OF THE COURT
 PER CURIAM.
 
 
 1
 These appeals are from the judgment of the United States District Court for the Eastern District of Pennsylvania declaring Seaways Shipping Company, the appellant, owner of the M/S Melvin H. Baker, solely liable for the collision between that ship and the S/T Cities Serice Miami, owned by the appellee, Cities Service Oil Company.[1]
 
 
 2
 The collision occurred in the early morning of November 16, 1961, in the Delaware River on a narrow channel of about 800 feet in width known as 'Little Tinicum Island Range' under conditions of dense fog. During the trial the principal issue was: 'which ship was in its proper lane at and immediately prior to the time of the collision-- thus which ship veered into the wrong lane and thereby caused the accident?' The District Court concluded that the Baker crossed into the wrong side of the channel when the vessels were not more than a half mile apart and thus the collision could not be avoided by the Miami.[2]
 
 
 3
 These appeals do not dispute the District Court's holding that the Baker was at fault, but rather challenge the exoneration from liability of the Miami. In particular, the appellant argues that the District Court erred in its conclusion that the Miami at all times complied with Article 16 of the Inland Rules of the Road, 33 U.S.C. 192, which requires that a vessel in fog must 'go at a moderate speed.'[3]
 
 
 4
 The concept of 'moderate speed' is not rigid. Most cases, however, seem to require a vessel in dense fog to reduce its speed to the lowest point consistent with good steerageway. See, e.g., The Martello, 153 U.S. 64, 14 S.Ct. 723, 38 L.Ed. 637 (1894). In The Virginia and Joan, 13 F.Supp. 419, 421 (D.Mass.), aff'd, 86 F.2d 259 (1 Cir. 1936), the court stated:
 
 
 5
 'A moderate speed means a speed slow enough to enable the vessel to stop upon sighting an approaching ship, supposing the latter also is going at a moderate speed, except that the vessel may maintain sufficient speed to enable her to remain under command.'
 
 
 6
 The District Court, after considering all of the voluminous testimony conclusively found that 'the Miami proceeded at a rate of speed which permitted it to stop within the limits of visibility at all times', and that when it entered the dense fog[4] and visibility suddenly closed in, it 'immediately reduced speed to Dead-Slow ahead-- to bare steerageway.' On these facts, the District Court concluded that the Miami complied with the rule of moderate speed 'in every respect.'
 
 
 7
 Appellant urges that the District Court erred in basing its holding that the Miami was going at moderate speed on cases[5] which determined mutual fault upon speeds generally less than that of the Miami. The difference between the 'circumstances and conditions' in the cases to which appellant refers and the case at bar repels the attack. Indeed, the selective use of the cases by the District Court is quite obvious.
 
 
 8
 The rule is abundantly clear that 'in reviewing a judgment of a trial court, sitting without a jury in admiralty, the Court of Appeals may not set aside the judgment below unless it is clearly erroneous.' McAllister v. United States, 348 U.S. 19, 20, 75 S.Ct. 6, 8, 99 L.Ed. 20 (1954); Knox v. United States Lines Co., 320 F.2d 247 (3 Cir. 1963); Pennsylvania R.R. Co. v. S.S.Marie Leonhardt, 320 F.2d 262 (3 Cir. 1963). After reviewing the entire record, we have concluded that the District Court had ample evidence on which to base its decision. Certainly, it can not be said that its judgment was clearly erroneous.
 
 
 9
 The appellant raises several other issues on which it claims the District Court erred. We have reviewed these and have concluded that they are without merit. We agree with the District Court that the 'Baker turned a safe passage into collision by suddenly veering * * * across the Miami's bow when the vessels were a half mile or less apart.' When this occurred the 'collision could not be avoided.'
 
 
 10
 The judgment of the District Court will be affirmed.
 
 
 
 [1]
 Hereinafter the appellant will be referred to as the Baker and the appellee as the Miami
 
 
 [2]
 The opinion and findings of fact and conclusions of law are reported at 260 F.Supp. 244 (E.D.Pa.1966)
 
 
 [3]
 'Every vessel shall, in a fog, mist, falling snow, or heavy rainstorms, go at a moderate speed, having careful regard to the existing circumstances and conditions.' 33 U.S.C. 192. (Article 16)
 
 
 [4]
 That the Baker was 'lost' in the fog without the benefit of radar or bridgeto-bridge radio telephone, inoperative prior to the collision, is undisputed
 
 
 [5]
 The Martello, 153 U.S. 64, 14 S.Ct. 723, 38 L.Ed. 637 (1894); The Virginia and Joan, 13 F.Supp. 419 (D.Mass.), aff'd, 86 F.2d 259 (1 Cir. 1936) (In this case there was no ultimate finding of mutual fault but The Virginia and Joan was held solely responsible.); Pennsylvania R. Co. v. Central R.R., 103 F.2d 428 (2 Cir. 1939) (In this case also the Central R.R. was held solely at fault.); Skibs A/S Siljestad v. S/S Mathew Luckenbach, 215 F.Supp. 667 (S.D.N.Y.), aff'd, 324 F.2d 563 (2 Cir. 1963); Eastern S.S. Co. v. International Harvester Co., 189 F.2d 472 (6 Cir. 1951)