**WEATHERS TOWING, INC.,**
**Plaintiff-Appellant,**

v.

**M/V HERMAN POTT et al.,**
**Defendants-Appellees.**

No. 77–1716
Summary Calendar.\*

United States Court of Appeals,
Fifth Circuit.

April 10, 1978.

Frank S. Thackston, Jr., Greenville, Miss., for plaintiff-appellant.

James L. Robertson, Greenville, Miss., Michael D. O'Keefe, St. Louis, Mo., for defendants-appellees.

Before RONEY, GEE and FAY, Circuit Judges.

**PER CURIAM:**

This case involves a collision on the Mississippi River. The towboat M/V HERMAN POTT, pushing a tow of 25 barges, was headed downriver in Scudder Bend, about mile 12 above the confluence of the Ohio and Mississippi Rivers. The M/V ROBERT P. GIPSON, with a tow of one barge, was headed upriver. The GIPSON was lying to the Illinois shore at the left descending bank. The POTT tow collided with the GIPSON, causing damage. GIPSON's owner sued POTT, claiming that the POTT's pilot was negligent and caused the collision. The district court held that the reach of the Mississippi River in which the collision occurred was a "narrow channel" within the meaning of the Narrow Channel Rule.[1] The district court also found the POTT free from fault. We affirm.

Appellant argues that the Mississippi River at the collision site is 1,200 feet wide and that it provided adequate room for passage of the POTT and the GIPSON. The appellant contends that the district court improperly applied the Narrow Channel Rule; furthermore, appellant urges that the district court was in error in finding the POTT without fault.

The argument that the river was wide enough for the tows to pass is insufficient. The application of the Narrow Channel Rule is not based on the physical dimensions of the body of water alone but also on the character of the navigating use to which the water is put. *SKIBS A/S SILJESTAD v. S/S MATHEW LUCKENBACH*, 215 F.Supp. 667, 681 (S.D.N.Y.), aff'd 324 F.2d 563 (2d Cir. 1963); *THE HOKENDAUQUA*, 270 F. 270 (D.N.Y.1919) (applying the statutory Narrow Channel Rule, art. 25 of the Inland Rules, 33 U.S.C. § 210).

The collision occurred in Scudder Bend, a horseshoe-shaped part of the Mississippi River that extends from approximately mile 10 U.M.R.[2] to approximately mile 20

---

1. 33 C.F.R. § 95.11: "When two steam vessels are about to enter a narrow channel at the same time, the ascending steam vessel shall be stopped below such channel until the descending steam vessel shall have passed through it . . . ."

2. "U.M.R." stands for "Upper Mississippi River." The United States Corps of Engineers designates the Upper Mississippi as that part of the river above its confluence with the Ohio River.

U.M.R. The district court found that the river was at high stage, that there were sandbars on the right descending bank of the reach of the river immediately upriver from Antelope Light, and that there was a strong left-hand set—a current toward the left descending bank. Furthermore, our observation of a Corps of Engineers Chart of Scudder Bend (defendant's exhibit number 1) reveals that a vessel must change course over 180 degrees in order to navigate the bend. The overall size of POTT and its tow, 1,143 feet long by 175 feet wide, in addition to the physical conditions of the river, were all properly considered by the district court in determining whether to apply the Narrow Channel Rule. We find no error.

Since the Narrow Channel Rule is applicable, the GIPSON was at fault for entering the channel before POTT passed downstream. The purpose of the rule is to prevent the development of situations which may lead to collisions—by keeping an ascending vessel out of a narrow channel. *In Re M/V FAY BLACKMAN*, 437 F.2d 542, 547 (5th Cir. 1971).

The evidence shows that POTT and GIPSON first became aware of each other's position in a radio communication when the former was at approximately mile 20 U.M.R. and the latter was at Elk Island Light, approximately mile 7.5 U.M.R. The GIPSON's pilot testified that the POTT's pilot told him to proceed upriver to Antelope Light. The POTT's pilot denied that such conversation took place. The district court, as trier of fact, chose to believe the POTT's pilot, a choice we will not disturb. *Hodgson v. Morgan Daniel Seafoods, Inc.*, 433 F.2d 918 (5th Cir. 1970); Wright & Miller, Federal Practice & Procedure: Civil § 2586. The appellant's argument as to POTT's negligence is a credibility choice; the finding that the POTT was free from negligence is, therefore, not to be overturned.

GIPSON was aware of POTT prior to GIPSON's entrance into Scudder Bend.

GIPSON should have lain to and permitted the downstream tow to pass. By entering the bend and lying to at Antelope Light—where there was a strong left-hand set to the left descending bank and sandbars on the right—GIPSON violated the Narrow Channel Rule. We find no error in the opinion of the district court, and its judgment is AFFIRMED.