**Paul Eugene OWENS,
Petitioner-Appellant,**

v.

**Louie L. WAINWRIGHT, Secretary, Department of Offender Rehabilitation, State of Florida, Respondent-Appellee.**

**No. 82–5692
Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Feb. 22, 1983.

Mark P. Bryan, Fed. Public Def., Tampa, Fla., for petitioner-appellant.

Frank Lester Adams, III, Asst. Atty. Gen., Tampa, Fla., for respondent-appellee.

Before RONEY, VANCE and ANDERSON, Circuit Judges.

PER CURIAM:

Paul Eugene Owens, serving a life sentence for rape of a female child under the age of eleven years in violation of Fla.Stat. Ann. § 794.01 (West 1973) (repealed 1974), appeals from a federal district court's denial of his petition for a writ of habeas corpus. Owens challenges (1) the voluntariness of his guilty plea, (2) the effectiveness of his counsel, and (3) the constitutionality of the Florida statute. We affirm.

On August 2, 1973 Owens, then age 22, allegedly had sexual intercourse with a five year old girl. Arrested the same day, Owens signed a statement admitting the crime slightly after midnight the following morning. On the advice of trial counsel, Owens pled guilty.

1. *Voluntary and Knowing Guilty Plea*

Owens claims that he did not enter the guilty plea voluntarily and knowingly as required by the Constitution, *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), because he did not know that a conviction carried at least a life sentence with a minimum of twenty-five years before parole eligibility. This is largely a factual matter. According to Owens, his counsel told him that if he pled

guilty he would receive only twenty-five years, not life with a minimum of twenty-five years in jail. His attorney, testifying before the magistrate appointed by the district court, gave a different account of his conversations with Owens. The magistrate believed him, not Owens. Emphasizing that Owens' claim of attorney-client miscommunication seemed incredible considering that he did not raise the point for nearly five years, the magistrate found that the attorney correctly told Owens the precise consequences of a guilty plea.

■ Appellate courts reviewing a cold record give particular deference to credibility determinations of a fact-finder who had the opportunity to see live testimony. *E.g., Weathers Towing, Inc. v. M/V Herman Pott,* 570 F.2d 1294, 1296 (5th Cir.1978). *See Graver Tank & Mfg. Co. v. Linde Air Products Co.,* 336 U.S. 271, 275, 69 S.Ct. 535, 537, 93 L.Ed. 672 (1949), *adhered to in relevant part on reh'g,* 339 U.S. 605, 611, 70 S.Ct. 854, 857, 94 L.Ed. 1097 (1950). The magistrate's finding was not clearly erroneous. Fed.R.Civ.P. 52(a).

With the magistrate's finding intact, there is little to Owens' challenge to his plea. The trial judge questioned Owens at length to make sure he understood that he was waiving certain constitutional rights by pleading guilty and that he was acting voluntarily without the inducement of any threats or false promises. The colloquy satisfied *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1966). The judge warned Owens that he could receive the death sentence. He read the indictment to him to make certain he understood the crime to which he was pleading guilty. Although not constitutionally required, *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), the judge did not accept the plea until assured by Owens that he acknowledged his own guilt, something he would have had trouble denying considering the overwhelming evidence against him.

■ While the court itself did not advise Owens of the minimum twenty-five years in prison, the findings of fact establish that

Owens was aware of it. This circuit has held that, as a matter of constitutional law, a state trial judge need not inform the defendant of the requisite time of confinement prior to eligibility for parole. *LeBlanc v. Henderson,* 478 F.2d 481, 483 (5th Cir.1973), *cert. denied,* 414 U.S. 1146, 94 S.Ct. 900, 39 L.Ed.2d 101 (1974). *See also Armstrong v. Egeler,* 563 F.2d 796, 799–800 (6th Cir.1977). Although federal law requires the judge personally to tell the defendant of the mandatory minimum sentence, Fed.R.Crim.P. 11(c)(1), Florida law does not. *E.g., Gonzalez v. State,* 300 So.2d 691, 692 (Fla.Dist.Ct.App.1974). *Cf. Frank v. Blackburn,* 646 F.2d 873, 882 (5th Cir. 1980) (requirements of Fed.R.Crim.P. 11 on colloquy before court accepts guilty plea are not binding on states and do not necessarily mirror constitutional standards), *modified on other grounds,* 646 F.2d 902 (5th Cir.), *cert. denied,* 454 U.S. 840, 102 S.Ct. 148, 70 L.Ed.2d 123 (1981).

### 2. Effective Assistance of Counsel

In claiming that his attorney was ineffective, Owens essentially points to three supposed failures by counsel. The first, that he allegedly did not inform Owens of the mandatory minimum prison term, has been disposed of already. The other two are counsel's apparent failure (1) to investigate a possible insanity defense, and (2) to consider filing a motion to suppress Owens' confession.

■ The burden is on a habeas petitioner to show by a preponderance of the evidence that he lacked effective assistance of counsel and that he suffered prejudice thereby. *Washington v. Strickland,* 693 F.2d 1243, 1250, 1258 (5th Cir. Unit B 1982) (en banc); *United States v. Killian,* 639 F.2d 206, 210 (5th Cir.), *cert. denied,* 451 U.S. 1021, 101 S.Ct. 3014, 69 L.Ed.2d 394 (1981). In connection with a guilty plea, counsel is obligated to assist the defendant actually and substantially in deciding whether to enter the plea. *Bradbury v. Wainwright,* 658 F.2d 1083, 1087 (5th Cir. 1981), *cert. denied,* 456 U.S. 992, 102 S.Ct.

2275, 73 L.Ed.2d 1288 (1982); *Mason v. Balcom,* 531 F.2d 717, 725 (5th Cir.1976). The attorney must be sufficiently familiar with the facts and law so that he can advise the defendant meaningfully on the available options. *Bradbury v. Wainwright,* 658 F.2d at 1087; *Calloway v. Powell,* 393 F.2d 886, 888 (5th Cir.1968). To ensure that defendant's choice is an informed one, counsel must investigate potential defenses. *Bradbury v. Wainwright,* 658 F.2d at 1087; *Lee v. Hopper,* 499 F.2d 456, 463 (5th Cir.), *cert. denied,* 419 U.S. 1053, 95 S.Ct. 633, 42 L.Ed.2d 650 (1974).

■ In this case, there is no showing that defendant was prejudiced by the two alleged faults of counsel. In regard to the suppression of the confession, Owens signed statements indicating that he agreed to be questioned and that the authorities had not promised him anything or otherwise coerced his admission. While Owens claims that the police promised him medical care if he confessed, the magistrate found him to be an unbelievable witness. A motion for suppression had no chance of success. *Cf. United States v. Killian,* 639 F.2d at 210 (rejecting claim that trial counsel was incompetent largely because the defense his client suggested he should have presented was unlikely to work). Furthermore, even without the statement, substantial evidence linked Owens to the crime. A medical report of the victim revealed evidence of recent sexual intercourse, and the victim during her deposition identified defendant as the guilty party.

Similarly, there is no merit in the charge that counsel failed to pursue an insanity defense. Owens does not purport to suffer from any mental illness. Instead, he claims that on the day of the rape he was under the influence of various unlawful drugs and alcohol. Voluntary intoxication is a defense to rape, a general intent crime, in Florida only if it produces insanity. *Askew v. State,* 118 So.2d 219, 222 (Fla.1960). Owens suggested no evidence of insanity.

Pervading Owens' specific charges against his attorney are the more general complaints that counsel spent little time preparing for the case and that he abandoned his role as an advocate. The seemingly short period during which the attorney prepared for the case does not demonstrate ineffectiveness. *See Jones v. Estelle,* 622 F.2d 124, 127 (5th Cir.) (meeting with a client only once before trial does not per se establish ineffectiveness), *cert. denied,* 449 U.S. 996, 101 S.Ct. 537, 66 L.Ed.2d 295 (1980). Other attorneys and investigators at the Public Defender's office apparently met with Owens on at least four occasions, deposed the victim and attended a viewing of the prosecution's evidence. They arranged to have a psychiatric examination of Owens to make certain he was competent to stand trial and did not qualify as a mentally disordered sex offender. The attorney himself interviewed Owens on the day of the plea proceeding. There is simply no showing of lack of familiarity on counsel's part with the relevant facts or law. It is frivolous to suggest that because the attorney told the court that Owens had signed a confession, the attorney somehow abandoned his role as an advocate.

### 3. *Constitutionality of the Florida Statute*

■ The provision to which Owens pled guilty, Fla.Stat.Ann. § 794.01 (1973) (repealed 1974), provided:

(1) Whoever of the age of seventeen years or older unlawfully ravishes or carnally knows a child under the age of eleven is guilty of a capital felony, punishable [by death or life imprisonment without possibility of parole for 25 years].

(2) Whoever ravishes or carnally knows a person of the age of eleven years or more, by force and against his or her will, or unlawfully and carnally knows and abuses a child under the age of eleven years, shall be guilty of a life felony, punishable [by life imprisonment or a term of at least thirty years].

Owens argues that this statute allows the prosecutor unfettered, arbitrary discretion to charge a person seventeen years or over with either a capital felony or a life felony

for the same conduct. Because of this uncertainty in the potential penalty, he claims the statute is void for vagueness. He also argues there is no rational basis for distinguishing between defendants who are at least seventeen years old and those who are younger.

██ There is no merit in any of Owens' arguments. Due process requires that criminal statutes give fair warning to persons of ordinary intelligence of the proscribed conduct and the persons covered. *Florida Businessmen for Free Enterprise v. City of Hollywood,* 673 F.2d 1213, 1218 (11th Cir.1982). *See Grayned v. City of Rockford,* 408 U.S. 104, 108, 92 S.Ct. 2294, 2298, 33 L.Ed.2d 222 (1972). Laws must provide ascertainable standards of guilt to prevent arbitrary, erratic and discriminatory enforcement. *Florida Businessmen for Free Enterprise v. City of Hollywood,* 673 F.2d at 1218. *See Grayned v. City of Rockford,* 408 U.S. at 108–09, 92 S.Ct. at 2298–99. Here, the Florida statute clearly made it illegal for anyone to have sexual relations with a child under the age of eleven. The child involved here was 5 years old. Owens cannot claim that he did not know he was committing a crime. A law that is clear in the conduct it proscribes is not unconstitutional merely because it permits a variety of punishments. *United States ex rel. Shell Oil Co. v. Barco Corp.,* 430 F.2d 998, 1000–01 (8th Cir.1970); *Lang v. Berger,* 427 F.Supp. 204, 209 n. 7 (S.D.N.Y.1977).

Nor did the statute unlawfully discriminate between persons under seventeen and those seventeen and over. The Florida legislature evidently thought that only a mature class of persons should be subject to the death penalty. We cannot term this position irrational and age is not a suspect classification. *Manson v. Edwards,* 482 F.2d 1076, 1077 (6th Cir.1973).

AFFIRMED.