[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13180
Non-Argument Calendar
_____

D.C. Docket No. 4:14-cr-00142-LGW-GRS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

XAVIER FRANKLIN LEWIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(June 14, 2016)

Before JORDAN, JULIE CARNES and BLACK, Circuit Judges.

PER CURIAM:

Xavier Lewis appeals his sentence and conviction for four counts of false claims, seven counts of theft of public money, seven counts of aggravated identity theft, one count of operating an unlicensed money transmitting business, and three counts of bank fraud. Although Lewis states that he challenges his conviction as to all 22 counts, Lewis makes a sufficiency-of-the-evidence argument only as to his conviction for seven counts of aggravated identity theft, in violation of 18 U.S.C. § 1028A. Lewis also contends the district court erred by limiting his cross-examination of a Government witness at trial and by applying a two-level enhancement for obstruction of justice under U.S.S.G. § 3C1.1 at sentencing. After review,[1] we affirm.

There was sufficient evidence for a reasonable jury to find Lewis guilty of aggravated identity theft. The Government presented evidence that Lewis deposited 92 federal income tax refund checks, including the seven related to the aggravated identity theft charges, into accounts for which Lewis had signatory authority. As to these seven checks, Lewis told bank officials that the named payees were members of his church who had endorsed the check in his presence.

---

[1] We review *de novo* "a district court's denial of judgment of acquittal on sufficiency evidence grounds." *United States v. Rodriquez*, 732 F.3d 1299, 1303 (11th Cir. 2013). "We must consider the evidence in the light most favorable to the government and draw all reasonable inferences and credibility choices in favor of the jury's verdict." *United States v. Wilson*, 788 F.3d 1298, 1308 (11th Cir. 2015). We review for abuse of discretion a district court's decision limiting cross-examination. *United States v. Barrington*, 648 F.3d 1178, 1187 (11th Cir. 2011). As to sentencing, we review for clear error the district court's factual findings and review *de novo* the district court's application of factual findings to the Sentencing Guidelines. *Doe*, 661 F.3d at 565.

The payees, however, testified that they never signed the checks, did not authorize anyone to sign the checks on their behalf, and were not members of Lewis's church. Six of the seven payees testified that they did not know Lewis at all. This testimony indicates that the checks were fraudulently endorsed without the payees' authority. By possessing the checks and submitting them to banks for negotiation with forged signatures, Lewis both knowingly possessed and used the means of identification of the checks' payees without lawful authority. *See Wilson*, 788 F.3d at 1310 ("The use of a person's name and forged signature sufficiently identifies a specific individual to qualify as a 'means of identification' under the aggravated identity theft statute."). The Government need not have shown that Lewis himself forged the checks (although circumstantial evidence permitted that inference) or the means by which the payees' identities were stolen. *See* 18 U.S.C. § 1028A; *Wilson,* 788 F.3d at 1310. Therefore, the evidence permitted the jury to find Lewis guilty of seven counts of aggravated identity theft.

The district court did not abuse its discretion in sustaining the Government's objection to Lewis's attempt to cross-examine a Government witness regarding the criminal history of a non-witness third party. Both the Government and the district court understood Lewis's questions to Agent Huebner regarding Brenda Berry's past conviction as an attempt to impeach the credibility and character of a non-witness for whom Agent Huebner did not vouch. Such evidence would be neither

relevant nor permissible. *See* Fed. R. Evid. 401, 404(b). Not until this appeal did Lewis suggest that the questions were instead an effort to impeach the thoroughness of Agent Huebner's investigation, which Lewis did in numerous other ways.[2] Given the manner in which this issue was presented to the district court, we agree that the district court did not abuse its discretion by halting Lewis's attempted cross-examination of Agent Huebner on the past criminal convictions of a non-witness third party for whom Agent Huebner did not vouch.

The district court did not clearly err in finding that Lewis willfully attempted to impede or obstruct the Government's prosecution of its case against him. At sentencing, a potential trial witness testified that, before trial, Lewis went to her place of work and told her that both she and another potential trial witness needed to change their statements "or else." The witness testified that Lewis's demeanor made her feel threatened. After finding the witness's testimony to be "extremely credible," the district court accepted her account of the events. We decline to disturb that determination. *See Owens v. Wainwright*, 698 F.2d 111, 1113 (11th Cir. 1983) ("Appellate courts reviewing a cold record give particular deference to credibility determinations of a fact-finder who had the opportunity to see live

---

[2] Lewis introduced other evidence to impeach Agent Huebner's investigation, including: (1) her inability to determine how the payees' identities were stolen and who prepared the fraudulent tax returns; (2) her failure to locate certain victims; (3) her failure to investigate suspicious tax preparers that prepared some of the victims' tax returns; (4) her failure to research the internet protocol addresses for the tax returns that were fraudulently filed; (5) her failure to search Lewis's home; (6) her failure to conduct handwriting analysis on the forged check endorsements; and (7) her failure to wiretap Lewis's telephone.

testimony."). Therefore, the district court did not err in applying the § 3C1.1 obstruction of justice enhancement. *See United States v. Bradford*, 277 F.3d 1311, 1313 (11th Cir. 2002) ("A defendant obstructs the administration of justice if he threatens, intimidates, or otherwise unlawfully influences a witness, directly or indirectly, or attempts to do so." (citing U.S.S.G. § 3C1.1 cmt. n.4(a))).

**AFFIRMED.**