[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-13204
Non-Argument Calendar
_____

D.C. Docket No. 8:15-cr-00242-SCB-TBM-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

THEORIDOTES COLLINS,
a.k.a. Theodis Collins,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(March 27, 2017)

Before MARTIN, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Theoridotes Collins appeals his conviction and 120-month sentence for possession of a firearm and ammunition by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Mr. Collins argues that the district court improperly denied his motion to suppress evidence found during a probation officers' warrantless search of his house. Upon review of the record and consideration of the parties' briefs, we affirm.

## I

On April 21, 2015, Mr. Collins was convicted in Florida of fraudulent use of a credit card and personal information and was sentenced to a one-year term of probation. Mr. Collins signed a temporary order of supervision and an instruction sheet provided by the Florida Department of Corrections, each detailing the conditions of his supervised release. The temporary order required Mr. Collins to refrain from possessing firearms or associating with persons engaged in criminal activity, and instructed him to cooperate with his probation officer and allow the officer to visit his home. The instruction sheet gave Mr. Collins notice that probation officers had the right to search his residence.

## A

Probation Officer Alyssia Paul began supervising Mr. Collins in May of 2015. She was familiar with Mr. Collins' criminal history, which included numerous violations of previous terms of supervised release. Officer Paul visited

Mr. Collins, who was cooperative and compliant, at his home twice in May and once in early June without incident. On June 9, 2015, Agent Dino Balos with the Bureau of Alcohol, Tobacco, Firearms, and Explosives, acting upon information he received from the Manatee County Sheriff's Office, informed Officer Paul that Mr. Collins had been associating with suspects in a shooting.

In response to this information, on June 11, 2015, Officer Paul, accompanied by another probation officer, officers of the Sarasota Police Department, and the ATF, conducted an unannounced compliance search of Mr. Collins' home. An unknown gentleman answered the door and told the officers that Mr. Collins did not live at the residence. When the door opened, one of the probation officers, Kristie Duff, smelled marijuana. Officer Paul asked to speak with Mr. Collins' girlfriend, Amber Teed, who then came to the door and told the officers that Mr. Collins did in fact stay there, but was out at the moment. While Officers Paul and Duff were speaking to Ms. Teed, the other law enforcement officers saw Mr. Collins flee out of the back of the house on foot. The officers apprehended Mr. Collins shortly thereafter, and brought him back to his residence.

At this point, the probation officers conducted a search of the house and discovered a rifle in Mr. Collins' bedroom. Mr. Collins was then arrested for violating his supervised release conditions. The police officers returned at a later time to search the home pursuant to a valid warrant, and found ammunition and

other contraband. A federal grand jury later indicted Mr. Collins for possessing a firearm and ammunition as a felon.

**B**

The district court denied Mr. Collins' motion to suppress the rifle, ammunition, and contraband. After conducting an evidentiary hearing, the district court determined that the search was legal because the probation officers had a basis to suspect that Mr. Collins was violating the conditions of his supervised release. The district court then found Mr. Collins guilty following a bench trial. On appeal Mr. Collins argues that the probation officers lacked reasonable suspicion to justify their search.

**II**

Rulings on motions to suppress involve mixed questions of fact and law. *See United States v. Ransfer*, 749 F.3d 914, 921 (11th Cir. 2014). "[W]e review the district court's factual findings for clear error, and its application of the law to the facts *de novo*." *Id.* All facts are construed in the light most favorable to the party prevailing in the district court—here, the government. *See id.*

"Clear error is a highly deferential standard of review." *Holladay v. Allen*, 555 F.3d 1346, 1354 (11th Cir. 2009) (citation omitted). Generally, a finding of fact is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction

that a mistake has been committed." *Id.* (internal quotation marks and citation omitted). "If the district court's account of the evidence is plausible in light of the record viewed in its entirety, [we] may not reverse it[.]" *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573–74 (1985). We give "particular deference to credibility determinations of a fact-finder who had the opportunity to see live testimony." *Owens v. Wainwright*, 698 F.2d 1111, 1113 (11th Cir. 1983).

### III

"The touchstone of the Fourth Amendment is reasonableness, and the reasonableness of a search is determined by assessing, on the one hand, the degree to which it intrudes upon an individual's privacy and, on the other, the degree to which it is needed for the promotion of legitimate governmental interests." *United States v. Knights*, 534 U.S. 112, 118–19 (2001) (internal quotation marks and citations omitted).

"Inherent in the very nature of probation is that probationers do not enjoy the absolute liberty to which every citizen is entitled." *Id.* at 119 (internal quotation marks and citations omitted). A probationer's expectation of privacy is reduced when he is subject to a probation condition requiring him to answer all inquiries made by his probation officer and requiring him to submit to home visits by his probation officer. *See United States v. Carter*, 566 F.3d 970, 974–75 (11th Cir. 2009). "In assessing the governmental interest side of the balance, it must be

remembered that the very assumption of the institution of probation is that the probationer is more likely than the ordinary citizen to violate the law." *Knights*, 534 U.S. at 120 (internal quotation marks and citation omitted).

When a probationer has a condition of probation reducing his expectation of privacy, and the government has a higher interest in monitoring the probationer due to the nature of his criminal history, a search can be permissible when supported only by reasonable suspicion. *See Carter*, 566 F.3d at 975 (applying the balancing test articulated in *Knights*).

To establish reasonable suspicion, there must be "a sufficiently high probability that criminal conduct is occurring to make the intrusion on the individual's privacy interest reasonable." *United States v. Yuknavich*, 419 F.3d 1302, 1311 (11th Cir. 2005) (internal quotation marks and citation omitted). The court "must look at the totality of the circumstances of each case" to determine whether the officer had a "particularized and objective basis for suspecting legal wrongdoing." *Id.* The officer must indicate "specific and articulable facts which, taken together with rational inferences from those facts," justify the search. *Id.*

The totality of the circumstances shows that the search of Mr. Collins' residence was supported by reasonable suspicion. The district court made several findings of fact as to what the probation officers knew at the time of the search: Mr. Collins had a criminal history of violating terms of supervised release; other

6

law enforcement officers believed Mr. Collins was associating with persons who were involved in criminal activity; on the day of the search, Ms. Teed and the other man occupying the house misrepresented Mr. Collins' whereabouts to the officers; the probation officers smelled marijuana in the house; and Mr. Collins attempted to flee the house, despite having previously complied with Officer Paul's visits. *See* D.E. 46 at 2–3. Mr. Collins failed to show that the district court clearly erred as to any of these underlying factual findings.

Several of these facts, even taken alone, can establish reasonable suspicion. *See, e.g.*, *United States v. White*, 593 F.3d 1199, 1203 (11th Cir. 2010) (explaining that the smell of marijuana alone may provide reasonable suspicion justifying further investigation of possible criminal conduct); *United States v. Franklin*, 323 F.3d 1298, 1302 (11th Cir. 2003) (stating that "flight is a relevant consideration for a finding of reasonable suspicion" and is indicative of wrongdoing). Taken together, the facts and the rational inferences that follow indicate the high probability that Mr. Collins was violating the conditions of his supervised release at the time of the search.  In light of his criminal history, the information from the ATF, and the events of the day of the search—especially given his previous compliance with Officer Paul—the probation officers had a "particularized and objective basis" to suspect that Mr. Collins was engaged in misconduct. *See* *Yuknavich*, 419 F.3d at 1311.

## IV

"[I]t is fundamental error for a court to enter a judgment of conviction against a defendant who has not been charged, tried, or found guilty of the crime recited in the judgment." *United States v. James*, 642 F.3d 1333, 1343 (11th Cir. 2011) (internal quotation marks and citation omitted). A court may remand with instructions to correct a clerical error in a judgment. *Id.*

The district court's judgment incorrectly states that Mr. Collins was found guilty of violating 18 U.S.C. §§ 922(g)(1) and 924(e). Although the indictment set out the sentencing provision of § 924(e), the district court sentenced Mr. Collins to the statutory maximum penalty of 120 months pursuant to 18 U.S.C. § 924(a)(2). We therefore remand to correct the clerical error in the judgment referencing § 924(e).

## V

The probation officers' warrantless search of Mr. Collins' home did not violate the Fourth Amendment.  The officers acted upon reasonable suspicion that Mr. Collins was violating conditions of his supervised release, and the search was therefore justified. Accordingly, the district court properly denied Mr. Collins' motion to suppress and that decision is affirmed.

8

We remand for the limited purpose of correcting the clerical error found in the district court's judgment, which incorrectly states that Mr. Collins was convicted under 18 U.S.C. § 924(e), rather than § 924(a)(2).

**AFFIRMED IN PART AND REMANDED IN PART WITH DIRECTIONS.**