[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 18-12892
Non-Argument Calendar

————————————————

D.C. Docket Nos. 8:17-cv-02248-SCB-CPT; 8:15-cr-00242-SCB-TBM-1

THEORIDOTES COLLINS,

Petitioner - Appellant,

versus

UNITED STATES OF AMERICA,

Respondent - Appellee.

————————————————

Appeals from the United States District Court
for the Middle District of Florida

————————————————

(July 11, 2019)

Before MARCUS, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Theoridotes Collins, proceeding *pro se*, appeals the district court's order denying his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, as well as an order denying his motion for leave to amend his § 2255 petition to add two additional ineffective assistance of counsel claims. We granted a certificate of appealability as to the motion for leave to amend only, and now hold that the district court abused its discretion by denying Mr. Collins leave to amend his § 2255 motion.

By way of brief background, Mr. Collins was convicted of being a felon in possession of a firearm in 2016. On direct appeal, we affirmed his conviction and sentence on March 27, 2017. *See United States v. Collins*, 683 F. App'x 776 (11th Cir. 2017). Because Mr. Collins did not file a petition for certiorari before the Supreme Court, his conviction became final 90 days later, on June 25, 2017. *See Drury v. United States*, 507 F.3d 1295, 1296 (11th Cir. 2007).

On September 27, 2017, the district court docketed Mr. Collins' § 2255 motion, which asserted numerous ineffective assistance of counsel claims. On November 20, 2017, the government filed a response in opposition. On June 4, 2018—before the expiration of the one-year AEDPA limitations period— Mr. Collins' first motion for leave to amend to add a new ineffectiveness claim appeared on the docket. *See* D.E. 12. In a summary order entered the next day, the district

2

court denied the motion as "untimely inasmuch as the [m]otion seeks to add an entirely new claim to the pending section 2255 motion." D.E. 13.

On June 19, 2018, the district court entered an order denying Mr. Collins' § 2255 motion and denying a certificate of appealability. *See* D.E. 15 at 12–13. On June 25, 2018, the clerk docketed a second motion for leave to amend. *See* D.E. 17. The motion was signed and deposited in the prison mailroom on June 18, 2018. *See id.* at 6. The district court denied this motion in a second summary order, noting that "[Mr. Collins'] section 2255 [m]otion was denied by the [c]ourt on June 19, 2018 . . . and judgment followed on June 20, 2018." D.E. 18. We granted a certificate of appealability on whether the district court abused its discretion by denying Mr. Collins leave to amend his § 2255 motion to add claims that his counsel was ineffective.

Mr. Collins contends that the district court erred in denying his motion for leave to amend because, under Federal Rule of Civil Procedure 15(c), he was entitled to amend his motion and add claims which "related back" to the original filing. The government, for its part, agrees the district court erred in denying the motions, but asserts that the error was in deeming the motions untimely and in failing to conduct an analysis under Rule 15(a) to determine whether justice required leave to amend.

We review a district court's denial of a motion for leave to amend for abuse of discretion. *See Farris v. United States*, 333 F.3d 1211, 1214 (11th Cir. 2003). A

3

district court abuses its discretion when it makes a clear error of judgment or applies the wrong legal standard. *See United States v. Frazier*, 387 F.3d 1244, 1259 (11th Cir. 2004) (en banc).

Under Rule 15(a), after a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Rule 15(a) instructs courts to "freely give leave when justice so requires." *Id.* Importantly, Rule 15(a) applies in § 2255 proceedings. *See Farris*, 333 F.3d at 1215. A district court abuses its discretion when it fails to provide adequate justification for the denial of a motion to amend. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

The Antiterrorism and Effective Death Penalty Act of 1996 imposes a one-year statute of limitations to file a § 2255 motion, which runs from the date a judgment of conviction becomes final. *See* 28 U.S.C. § 2255(f)(1). In this case, the statute of limitations began to run on June 25, 2017, or the date on which the time for filing a petition for certiorari expired. The limitations period did not expire until June 25, 2018. As a result, the district court erred in concluding that Mr. Collins' motions to amend were untimely. Pursuant to the prison mailbox rule, an incarcerated person's filings are deemed filed on the date they are delivered to the prison mailroom—as opposed to the date they are docketed. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). Because both of Mr. Collins' motions to amend were

4

filed not only prior to the expiration of the statute of limitations, but prior to the entry of final judgment in the case, both of them were timely filed. We therefore hold that it was an abuse of discretion for the district court to come to an incorrect timeliness determination and fail to provide a "substantial reason" for denial of the motion to amend. *See Laurie v. Ala. Ct. of Crim. App.*, 256 F.3d 1266, 1276 (11th Cir. 2001).

Having concluded that neither of Mr. Collins' motions to amend were untimely, the proposed amended claims did not have to "relate back" to the original § 2255 motion under Rule 15(c). *See Davenport v. United States*, 217 F.3d 1341, 1344 ("Relation back causes *an otherwise untimely claim* to be considered timely by treating it as if it had been filed when the timely claims were filed.") (emphasis added and quotation marks omitted). On remand, the district court should analyze Mr. Collins' motions to amend under Rule 15(a).

The district court's orders denying Mr. Collins' § 2255 motion and motions for leave to amend are vacated.

**VACATED AND REMANDED WITH INSTRUCTIONS.**